IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

REBECCA A. CAPPS,

       Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

       Defendant.

_____

COMPLAINT
_____


PLAINTIFF REBECCA CAPPS, by and through her attorney, the law firm of Olsen and Brown, LLC, states for her Complaint as follows:


NATURE OF CLAIMS

1.  Plaintiff invokes the jurisdiction of the court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213, to remedy employment discrimination because of sex, disability, and perceived and anticipated disability.


JURISDICTION AND VENUE

2.  This court is empowered to hear and decide these claims by 28 U.S.C. §§ 1331, 1332, 1337, and 2201; and by 42 U.S.C. § 2000e-5(f).


1

3.  Venue is fair and appropriate in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because some of the events giving rise to the claims occurred in Colorado.

## PARTIES

4.  Plaintiff Rebecca Capps is a woman and citizen of the United States.

5.  Defendant Level 3 Communications, LLC (Level 3) is a corporation qualified to do and doing business in the State of Colorado, with offices at 1025 Eldorado Boulevard, Broomfield, Colorado 80021.  The defendant corporation has continuously employed more than 500 employees and been engaged in interstate commerce.  The defendant is engaged in telecommunications.

6.  The corporation is otherwise an employer within the meaning of the above-described federal statutes.

## ADMINISTRATIVE PROCEDURES

7.  Plaintiff properly filed her charge of discrimination with the district office of the United States Equal Employment Opportunity Commission [EEOC].

8.  Notice of Right to Sue was received by plaintiff from the EEOC, and the Complaint is filed within 90 days thereof.

## ALLEGATIONS

9.  The above paragraphs are incorporated herein.

10.  Plaintiff is a female with birth date of July 16, 1969.

2

11.  Plaintiff was first employed by the defendant corporation in August 1999.

12.  She held a position as OSP manager.

13.  Plaintiff performed her job well at all times.

14.  On April 27, 2006, she was informed that she was terminated effective May 5, 2006.

15.  The corporation is culpable for an ongoing pattern of discrimination against women, which has had a disparate impact upon them and upon plaintiff.

16.  Plaintiff suffered a spinal medical condition, which caused her to be disabled, and of which the defendant was fully aware.

17.  Plaintiff's medical condition limited, or would reasonably be expected to limit, one or more of her major life's activities, was perceived by the defendant as a disability and potential disability, and involved a record of medical care therefor.

18.  Plaintiff's spinal condition required surgery, and thus the defendant perceived that plaintiff was or would soon become disabled.

19.  Rather than afford and provide plaintiff the medical and leave benefits to which she was entitled, the defendant terminated her.

20.  Plaintiff would not have been terminated had she not been a female and had the corporation not become aware of plaintiff's condition, medical condition, disability and perceived and anticipated disability as set forth above (and which in fact she suffered).

21.  Plaintiff believes she was replaced at the defendant by a male who had no disability and was not perceived as facing surgery, disability and future disability.

3

22.  Had plaintiff been male and not disabled, or anticipated to be disabled, she would not have been terminated.

23.  The above-cited discriminatory actions against plaintiff were intentional.  They were also taken with malice and reckless indifference to plaintiff's federally protected rights, warranting an award of exemplary or punitive damages.

24.  Because of the above-cited actions, the plaintiff has suffered or will suffer:  loss of her job and livelihood, with all attendant benefits and other amenities of her employment, including pay, compensation, benefits and salary, as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

25.  The above-stated paragraphs are incorporated into the following Claims for Relief.

## FIRST CLAIM FOR RELIEF

26.  By the aforesaid acts of discrimination, the defendant breached Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.

## SECOND CLAIM FOR RELIEF

27.  By the aforesaid acts of discrimination, the defendant breached the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213.

## THIRD CLAIM FOR RELIEF

28.  By the aforesaid acts of discrimination, the defendant breached C.R.S. §§ 24-34-401 *et seq*.

## PRAYER AND JURY DEMAND

WHEREFORE, plaintiff respectfully moves this court and prays for:

(a)  a declaratory judgment declaring that the defendant corporation has violated the above-described statutes by the aforesaid acts against plaintiff;

(b)  reinstatement in her job, with all attendant benefits and other amenities that she would have received were these illegal actions not taken against her;

(c)  all compensation, back pay, equal pay, front pay and benefits that plaintiff was denied because of the defendant's acts, in a sum to be determined by the court and jury;

(d)  liquidated and compensatory damages, including for future pecuniary losses, physical/medical injury and harm, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in a sum to be determined by the court and jury;

(e)  exemplary or punitive damages in a sum to be determined by the court and jury;

(f)  legal fees, disbursements, expert fees, and costs of this action;

(g)  all legal interest on sums awarded;

(h)  all issues so triable to be decided by a jury;

(i)  such other relief as the court may deem appropriate.

RESPECTFULLY SUBMITTED,
OLSEN AND BROWN, LLC


<u>s/ John R. Olsen</u>

By:   John R. Olsen
       Attorney for the Plaintiff
       8362 Greenwood Drive
       Niwot, Colorado 80503

Date: May 3, 2007             (303) 652-1133

Plaintiff's Address:
433 Richeau Road
Wheatland, Wyoming 82201

6