**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

      Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

      Defendant.

---

## ANSWER

---

Defendant, Level 3 Communications, LLC ("Defendant"), by and through its attorneys, Brownstein Hyatt Farber Schreck, P.C., hereby answers Plaintiff's Complaint as follows:

### NATURE OF CLAIMS

1.      Paragraph 1 is statement of the "Nature of [Plaintiff's] Claims" and an invocation of jurisdiction to which no admission or denial is required.  To the extent any statement therein is deemed to constitute an allegation, it is denied.

### JURISDICTION AND VENUE

2.      In response to Paragraph 2, Defendant admits that this Court is empowered to hear and decide claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337(a) and 2201, and 42 U.S.C. § 2000e-5(f).  Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      In response to Paragraph 3, Defendant denies that there is a legal or factual basis for Plaintiff's claims, but admits that venue is appropriate in this Court.  Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.      Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      With respect to the time period relevant to this action, Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      In response to Paragraph 6, Defendant admits that it is an "employer" pursuant to Title VII and the ADA.  Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits that Plaintiff filed a Charge of Discrimination with the Denver Field Office of the U.S. Equal Employment Opportunity Commission.  Defendant is without sufficient information to allow it to admit or deny the remaining allegations contained in Paragraph 7 and therefore denies the same.

8.      Defendant is without sufficient information to allow it to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9.      Defendant incorporates its responses in the foregoing paragraphs as if fully set forth herein.

10.     Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     In response to Paragraph 12, Defendant admits that Plaintiff was hired as a Regional Manager and was an OSP Manager at the time of her separation from employment. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     In response to Paragraph 14, Defendant admits that on or about April 25, 2006, Plaintiff was informed that she would be included within one of Defendant's reductions-in-force, and that Plaintiff's employment with Defendant was terminated effective May 5, 2006. Defendant denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     In response to Paragraph 15, Defendant denies that it has engaged in "an ongoing pattern of discrimination against women."  Defendant also denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     In response to Paragraph 16, Defendant states that it was unaware of any "spinal medical condition" of Plaintiff, and any impact thereof.  Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     In response to Paragraph 17, Defendant states that it was unaware of the "medical condition" Plaintiff references.  Defendant is without sufficient information or knowledge to allow it to admit or deny whether the alleged condition would limit or would reasonably be expected to limit one or more of Plaintiff's life's activities, or whether there was a record of

medical care therefor.  Defendant denies the remaining allegations contained Paragraph 17 of Plaintiff's Complaint.

18.    In response to Paragraph 18, Defendant states that it was unaware of the "spinal condition" Plaintiff references.  Defendant is without sufficient information or knowledge to allow it to admit or deny whether the alleged condition would require surgery.  Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    In response to Paragraph 19, Defendant admits that Plaintiff's employment was terminated.  Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    In response to Paragraph 20, Defendant states that it is without sufficient information or knowledge to allow it to admit or deny whether Plaintiff had a "condition, medical condition, disability and perceived and anticipated disability" or whether she "suffered" from any medical condition.  Defendant was unaware of such allegations or alleged conditions when it employed and terminated Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    In response to Paragraph 23, Defendant states that it did not discriminate against the Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

## FIRST CLAIM FOR RELIEF

26.     In response to Paragraph 26, Defendant states that it did not discriminate against the Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

27.     In response to Paragraph 27, Defendant states that it did not discriminate against the Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

28.     In response to Paragraph 28, Defendant states that it did not discriminate against the Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

The paragraph immediately following Paragraph 28 of Plaintiff's Complaint constitutes a prayer for relief to which no response is required.  To the extent that the allegations contained in this paragraph are construed to require a response, however, Defendant denies them.

Except as specifically admitted herein, each and every allegation of Plaintiff's Complaint is expressly denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      To the extent any of Plaintiff's claims were not specifically and timely raised before the Equal Employment Opportunity Commission or the Colorado Civil Rights Division, this Court lacks jurisdiction over such claims.

3.      Defendant had legitimate, non-discriminatory business reasons for its employment decisions affecting Plaintiff.

4.      Plaintiff failed to mitigate her damages, if any.

5.      Plaintiff's claim for "exemplary or punitive damages" is barred because Defendant has not engaged in any practice with actual malice or with wanton or willful disregard for Plaintiff's rights.

6.      At all times relevant to the matters alleged in Plaintiff's Complaint, Defendant acted in good faith and in a reasonable manner.

7.      Plaintiff's claims are barred by the applicable statute of limitations.

Defendant reserves the right to (a) rely upon such other affirmative defenses as may be supported by the facts to be determined through full and complete discovery, and (b) to voluntarily withdraw any affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of Plaintiff's Complaint, Defendant hereby prays that:

1.      Plaintiff's claims be dismissed with prejudice in their entirety;

2.      Each and every prayer for relief contained in the Plaintiff's Complaint be denied;

3.      Judgment be entered in favor of Defendant;

4.      All costs, including reasonable attorney fees, be awarded to Defendant and against Plaintiff pursuant to applicable law; and

5.      Defendant be granted such other and further relief as deemed appropriate by this Court.

DATED this 25th day of May, 2007.

BROWNSTEIN HYATT FARBER SCHRECK, P.C.


s/ Meghan W. Martinez
Meghan W. Martinez
410 17th Street, 22nd Floor
Denver, Colorado 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 25th day of May, 2007, a true and correct copy of the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

olsenbrown@attbi.com

BROWNSTEIN HYATT FARBER SCHRECK, P.C.


s/ Meghan W. Martinez
Meghan W. Martinez
410 17th Street, 22nd Floor
Denver, Colorado 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC