REC'D JUL - 5 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 0 2007

GREGORY C. LANGHAM
CLERK

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning Conference was held on July 10, 2007, at 2:30 p.m. The parties were represented as follows:

Attorney for Plaintiff:
John R. Olsen, Esq.
Olsen & Brown, LLC
8362 Greenwood Drive
Niwot, Colorado 80503
(303) 652-1133

Attorney for Defendant:
Meghan W. Martinez, Esq.
Leah P. VanLandschoot, Esq.
Brownstein Hyatt Farber Schreck, P.C.
410 17th St., 22nd Floor
Denver, CO 80202
(303) 223-1100

## 2. STATEMENT OF JURISDICTION

This Court is empowered to hear and decide claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337(a), and 2201; and 42 U.S.C. § 2000e-5(f).

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff's Statement of Claims:

Plaintiff is a female with birth date of July 16, 1969. She was first employed by the defendant corporation in August 1999 and held the position of OSP manager. She performed her job well at all times.

On April 27, 2006, plaintiff was informed that she was terminated effective May 5, 2006. This came against the background of an ongoing pattern of discrimination against women, which has had a disparate impact upon them and upon plaintiff.

Plaintiff suffered a spinal medical condition, which caused her to be disabled, and of which the defendant was fully aware. Plaintiff's medical condition limited, or would reasonably be expected to limit, one or more of her major life's activities, was perceived by the defendant as a disability and potential disability, and involved a record of medical care therefor. Plaintiff's spinal condition required surgery, and thus the defendant perceived that plaintiff was or would soon become disabled. Rather than afford and provide plaintiff the medical and leave benefits to which she was entitled, the defendant terminated her.

Plaintiff would not have been terminated had she not been a female and had the corporation not become aware of plaintiff's condition, medical condition, disability and perceived and anticipated disability as set forth above (and which in fact she suffered).

Plaintiff believes she was replaced at the defendant by a male who had no disability and was

2

not perceived as facing surgery, disability and future disability. Had plaintiff been male and not disabled, or anticipated to be disabled, she would not have been terminated.

The above-cited discriminatory actions against plaintiff were intentional. They were also taken with malice and reckless indifference to plaintiff's federally protected rights, warranting an award of exemplary or punitive damages. Because of the above-cited actions, the plaintiff has suffered or will suffer: loss of her job and livelihood, with all attendant benefits and other amenities of her employment, including pay, compensation, benefits and salary, as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

By these acts of discrimination, the defendant breached Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* and the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213 (as well as a parallel state statute). Plaintiff is seeking (a) a declaratory judgment declaring that the defendant corporation has violated the above-described statutes by the aforesaid acts against plaintiff; (b) reinstatement in her job, with all attendant benefits and other amenities that she would have received were these illegal actions not taken against her; (c) all compensation, back pay, equal pay, front pay and benefits that plaintiff was denied because of the defendant's acts, in a sum to be determined by the court and jury; (d) liquidated and compensatory damages, including for future pecuniary losses, physical/medical injury and harm, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in a sum to be determined by the court and jury; (e) exemplary or punitive damages in a sum to be determined by the court and jury; (f) legal fees, disbursements, expert fees, and costs of this action; (g) all legal interest on sums awarded; and (h) all issues so triable to be decided by a jury.

**b. Defendant's Statement of Defenses:**

Level 3 Communications, LLC ("Level 3" or the "Company"), did not discriminate against Plaintiff on the basis of her sex or alleged disability. In February 2006, Level 3 acquired Wiltel Corporation. In connection with the acquisition, Level 3 instituted a series of monthly reductions in force ("RIF") to minimize expenses, eliminate redundant positions, and increase efficiency. Level 3 instituted one such RIF in May 2006. In connection with the May 2006, RIF, Level 3 analyzed, eliminated, and combined redundant positions across several of its divisions in North America, including the location where Plaintiff worked. Plaintiff was chosen for the RIF based on the Company's objective desire to combine two Level 3 positions and one Wiltel position into one "Field Manager" position; this move eliminated Plaintiff's position, Outside Plant Manager, and Plaintiff did not possess the requisite qualifications for the Field Manager position. In fact, she had failed to fulfill the requirements of her existing job (even when reminded of them by her supervisor) and her poor interpersonal skills created conflicts with her direct reports and her manager.

Plaintiff's supervisors were not aware of Plaintiff's alleged medical issues when they made the decision to terminate her. Plaintiff never provided any formal or informal notification of medical issues. Accordingly, Level 3 could not have discriminated against Plaintiff because of any disability.

Finally, Plaintiff's claim that the reasons for her termination are pretextual lacks factual support. In the RIFs resulting from the Wiltel acquisition, Level 3 eliminated hundreds of positions. In the May 2006 RIF, 85 employees were terminated in the Field Services Division of Level 3 (including Plaintiff), and 131 employees were terminated Company-wide.

Level 3 also asserts the following affirmative defenses to Plaintiff's claims:

4

1. Plaintiff fails to state a claim upon which relief can be granted;

2. To the extent any of Plaintiff's claims were not specifically and timely raised before the Equal Employment Opportunity Commission or the Colorado Civil Rights Division, this Court lacks jurisdiction over such claims;

3. Defendant had legitimate, non-discriminatory business reasons for its employment decisions affecting Plaintiff;

4. Plaintiff failed to mitigate her damages, if any;

5. Plaintiff's claim for "exemplary or punitive damages" is barred because Defendant has not engaged in any practice with actual malice or with wanton or willful disregard for Plaintiff's rights;

6. At all times relevant to the matters alleged in Plaintiff's Complaint, Defendant acted in good faith and in a reasonable manner; and

7. Plaintiff's claims are barred by the applicable statute of limitations.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a female.

2. Plaintiff was terminated from her employment at Level 3 effective May 5, 2006.

3. Plaintiff's job title was OSP manager.

## 5. COMPUTATION OF DAMAGES

Plaintiff's damages include her loss of pay, bonuses and benefits from being wrongfully terminated, effective April 27, 2006, to the present and into the future until her intended retirement at age 65. Her annual income rate (salary) was approximately $76,000, which would be expected

5

to increase at about five per cent per annum. In addition, she received about $10,000 in bonuses, but that varied and could be higher or lower. Benefits are computed at about 25 per cent of salary. These losses will be more closely calculated when discovery is completed of plaintiff's financial records at his employer. In addition, plaintiff seeks a sum for emotional and punitive damages of at least $1,000 per day, for a total of not less than $1 million. In addition, attorneys fees, costs and interest on all sums awarded (at applicable rates).

Defendant objects to the categories and computation of damages asserted above (including assertions to damage amounts in excess of statutory caps). Defendant's damages are its costs incurred in defending this action.

## 6. REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: July 2, 2007 by telephone.

b. John R. Olsen for the Plaintiff, and Meghan Martinez for the Defendant.

c. No proposed changes in timing or requirements of disclosures under Fed. R. Civ. P. 26(a)(1) except as are set forth below.

d. Defendant submitted its Disclosures to the Plaintiff on July 3, 2007. Plaintiff will submit her Disclosures on or before July 10, 2007.

e. There have been no agreements to conduct informal discovery.

f. The parties will make available to each other all electronically stored information that is (a) relevant to the case, (b) not privileged, and (c) reasonably accessible, subject to the limitations set by F.R.C.P. 26(b)(2)(C), which apply to all discovery. If a dispute arises as to electronic discovery, the parties agree to confer as to whether electronic production is necessary as

6

an alternative to other means of production. Should that conference fail to yield a resolution, the Magistrate Judge will be requested to determine any remaining issues.

## 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: July 15, 2007.

b. Discovery Cut-off: December 31, 2007.

c. Dispositive Motion Deadline: January 23, 2007.

d. Expert Witness Disclosure:

> (1) Anticipated fields of expert testimony: Economics (lost pay and benefits, including retirement benefits) and statistics.
>
> (2) Each party is limited to three retained experts.
>
> (3) The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 9, 2007.
>
> (4) The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 9, 2007.
>
> (5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Plaintiff, Rebecca A. Capps | To be determined | 9 a.m. | 7 hours |
|  |  |  |  |

|  |  |  |  |
|--|--|--|--|

f. Interrogatory Schedule: All written discovery requests must be submitted 33 or more days prior to the discovery cutoff.

g. Schedule for Requests for Production of Documents and Request for Admissions: All written discovery requests must be submitted 33 or more days prior to the discovery cutoff.

h. Discovery limitations: Those limitations as set forth in Fed.R.Civ.P. 30(a)(2)(A) and 33.

## 8. SETTLEMENT

The parties have discussed settlement but have failed to reach a settlement.

## 9. OTHER SCHEDULING ISSUES

a. The parties have filed a proposed Stipulated Protective Order.

b. A jury trial of five days is respectfully requested.

## 10. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of ***good cause***.

DATED this _10th_ day of _July_ 2007.

BY THE COURT:

_\[signature\]_
United States District Judge

SCHEDULING ORDER REVIEWED:

*signature*
John R. Olsen, Esq.
Olsen & Brown LLC
8362 Greenwood Drive
Niwot, Colorado 80503
(303) 652-1133
Attorneys for the Plaintiff

*signature*
s/Leah P. VanLandschoot
Meghan W. Martinez, Esq.
Leah P. VanLandschoot, Esq.
Brownstein Hyatt Farber Schreck, P.C.
410 17th St., 22nd Floor
Denver, CO 80202
(303) 223-1100
Attorneys for Defendant

9