IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
FOR ENLARGEMENT OF TIME TO TAKE ONE DEPOSITION**

---

Defendant, Level 3 Communications, LLC, through its undersigned attorneys, submits the following response in opposition to Plaintiff's Motion for Enlargement of Time to Take One Deposition ("Plaintiff's Motion").

**I.    PLAINTIFF'S DELAY IS INEXCUSABLE, NOT "GOOD CAUSE"**

1.    The Scheduling Order "may be altered or amended only upon a showing of ***good cause***." (Emphasis original.) Scheduling Order at p.8. As set forth below, Plaintiff inexcusably delayed her attempts to conduct discovery. And the claims made in Plaintiff's Motion do not rise to the level of "good cause."

2.    This case was filed May 3, 2007. On July 10, 2007, a Scheduling/Planning Conference was held in which the parties submitted a proposed Scheduling Order. In the Order, Plaintiff's counsel did not indicate what, if any, depositions Plaintiff wanted to take.

3. On August 29, 2007, Defendants' counsel took the deposition of the Plaintiff. Nothing else occurred in this case for months thereafter.

4. Then, on November 26, 2007, thirty five days before the discovery deadline (known by the parties since July), Plaintiff's counsel sent his first communication indicating that he would like to take depositions. That communication was responded to promptly by Defendants' counsel. See Email dated November 26, 2007, from Meghan Martinez to Jack Olsen (Exhibit A). Plaintiff's counsel subsequently changed dates and times around, and after a few more weeks, sent a final Deposition Notice. See Notice dated December 14, 2007 (Exhibit B).

5. Plaintiff's counsel never requested to take the deposition of Everett McCain – the individual he now claims is a crucial witness – until December 28, 2007 (the Friday before the discovery deadline).

6. Yet, Mr. McCain's identity was known to Plaintiff's counsel since at least July 3, 2007, the date when Defendant disclosed to Plaintiff the position statement it had previously submitted to the EEOC. That position statement provides:

> Charging party reported to Mr. Bissani, under the title of Outside Plant Manager, and managed a group of outside plant technicians. Also reporting to Mr. Bissani was Diron Benschop, Metro Manager, the manager of inside plant at the Level 3 Denver Gateway, as well as other individual contributors who worked on the inside plant. Mr. Bissani also managed Everett McClain [sic.], a WilTel outside plant manager.

See Position Statement at 2 (Exhibit C). Defendant's Position Statement further disclosed:

> Other individuals affected by the May RIF were: (a) Diron Benschop, whose job changed from a manager position to Field Engineer position; (b) Everett McClain [sic.], a WilTel manager who was let go; (c) Kathy Bennet, a Level 3 technician who was let go; and (d) Patricia Weber, a Wiltel employee who was let go.

Exhibit C at 3 (emphasis supplied).

2

7.      Furthermore, in Defendant's Supplemental Disclosures (served November 12, 2007), Defendant disclosed Mr. McCain's resume and offer letter, indicating that he had been rehired. Accordingly, Plaintiff's claim that "Mr. McCain's deposition suddenly and unexpectedly became important to the case" during Kaily Bissani's December 21, 2007 deposition is without merit. See Plaintiff's Motion at ¶ 3.

8.      "Good cause . . . requires a showing, among other things, that the party seeking the extension was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline." Marcin Engineering, LLC. v. Founders at Grizzly Ranch, LLC., 219 F.R.D. 516, 521 (D. Colo. 2003); see also, Walker v. Firzgibbons, 2007 WL 2049515 (D. Colo. 2007) (Slip Copy) ("Good cause requires Plaintiff to show that the deadline could not be met despite diligent efforts.").

9.      Here, it is clear that Plaintiff was not diligent in her discovery efforts. Plaintiff did not conduct any discovery until submitting written discovery requests on November 26, 2007, the last day to submit discovery requests pursuant to the Scheduling Order. Plaintiff also unnecessarily delayed noticing depositions in this case until seventeen days prior to the discovery cut-off. See Exhibit B.

10.     Finally, Defendant disclosed pertinent information regarding Mr. McCain as early as July 3, 2007. See Exhibit C.

11.     Plaintiff simply was not diligent in her discovery efforts. Thus, Plaintiff failed to demonstrate good cause for extending the discovery deadline set forth in the Scheduling Order.

3

## II. PLAINTIFF HAS NOT EVEN ATTEMPTED TO NOTICE MR. MCCAIN'S DEPOSITION

12. The federal and local rules require that "reasonable notice" of "not less than 11 days" be provided by the "party desiring to take the deposition of any person." See Fed. R. Civ. P. 30(b); D.C.COLO.LCivR 30.1.

13. Yet, Plaintiff has never attempted to give notice of the deposition of Mr. McCain. Such notice would have been required on or before December 20, 2007.

14. Plaintiff is not entitled to an enlargement of time to conduct the desired deposition because she has failed to comply with the rules governing the taking of such deposition.

## III. EXTENDING THE DISCOVERY DEADLINE WILL PREJUDICE DEFENDANT

15. Pursuant to the Scheduling Order signed by Judge Matsch, January 23, 2008, is the deadline for dispositive motions. Defendant's counsel has already been forced to incur the additional costs of ordering the depositions noticed by Plaintiff for late December 2007 on an expedited basis.

16. Pushing the discovery deadline into mid-January, as Plaintiff requests, will not allow Defendant sufficient time to obtain all the deposition transcripts and finalize its dispositive motion.

17. Moreover, undersigned counsel is lead counsel in a two-week jury trial set in United States District Court in February 2008. She is also already scheduled for several depositions in other cases and could not "just" clear her schedule in January to accommodate Plaintiff. Requiring that the schedules of counsel be rearranged, and trial preparations in another matter be jeopardized in order to accommodate Plaintiff untimely request is unwarranted.

18. Plaintiff's request should therefore be denied as prejudicial to Defendant.

## IV. MR. McCAIN'S DEPOSITION IS UNNECESSARY TO PLAINTIFF'S CLAIMS

19. Mr. McCain's testimony is known to Plaintiff to not be crucial to her claims. Mr. McCain performed the same job as Plaintiff at WilTel, a Company that merged with Defendant. When the merger occurred, Plaintiff and Mr. McCain both lost their jobs. The decision to eliminate Plaintiff and Mr. McCain's positions was made by Mr. Bissani, an individual who was deposed by Plaintiff's counsel on December 21, 2007.

20. There has been extensive discovery by Plaintiff with respect to the reasons for Plaintiff's inclusion in the reduction in force. In addition to deposing Mr. Bissani, Plaintiff's counsel squeezed in the depositions of the only other person whose input was considered by Mr. Bissani, Peter Smith. Plaintiff's counsel also deposed five additional witnesses – people who worked for Plaintiff or were peers of Plaintiff in other divisions.

21. Thus, not deposing an employee who had performed Plaintiff's job duties at another entity will not prejudice Plaintiff.

## V.   THE EMERGENCY THAT REQUIRED WITNESS DIRON BENSCHOP TO POSTPONE HIS DEPOSITION IS IRRELEVANT TO PLAINTIFF'S MOTION

22. Plaintiff infers that because one of the depositions she noticed had to be postponed, that there is good cause for extending the discovery deadline. This is simply not true.

23. Diron Benschop is another employee of Defendant who was impacted by the restructuring that resulted in Plaintiff's termination.

24. Unlike Mr. McCain, Mr. Benschop <u>was</u> listed in the Notice of Deposition that Plaintiff's counsel served. Mr. Benschop's job duties involve servicing fiber cuts and outages that require immediate technical support. Unfortunately, hours before Mr. Benschop was scheduled to be deposed, he was called to Fort Collins to service a fiber cut. Undersigned counsel immediately notified Plaintiff's counsel and the parties were able to clear another date for Mr. Benschop's

deposition.  The new date, January 2, 2007, was within 48 hours of the discovery deadline and would have been even sooner except that Mr. Benschop was scheduled to be on vacation the following week and Plaintiff was already, because of her own inaction, squeezing in other depositions in this case on December 27, 28 and 31, 2007.

      25.     The fact that this rescheduling occurred after the discovery cut-off in no way indicates that continuing discovery into January for non-emergent situations is appropriate.  This is especially true where, as here, the deposition that Plaintiff seeks leave to take was not requested by Plaintiff's counsel until 72 hours before the discovery deadline.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion.

Dated this 4th day of January, 2008.

                                                      BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                                      s/Meghan W. Martinez
                                                      Meghan W. Martinez
                                                      Leah P. VanLandschoot
                                                      410 17th St., 22nd Floor
                                                      Denver, CO 80202
                                                      (303) 223-1100

                                                      ATTORNEYS FOR DEFENDANT
                                                     LEVEL 3 COMMUNICATIONS, LLC

## CERTIFICATE OF MAILING

       The undersigned hereby certifies that on this 4th day of January, 2008, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO TAKE ONE DEPOSITION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    olsenbrown@comcast.net

                                                                   BROWNSTEIN HYATT FARBER SCHRECK, LLP

                                                                   s/ Meghan W. Martinez
                                                                   Meghan W. Martinez
                                                                   Leah P. VanLandschoot
                                                                   410 17th Street, Suite 2200
                                                                   Denver, Colorado 80202
                                                                   (303) 223-1100

                                                                  ATTORNEYS FOR DEFENDANT
                                                                  LEVEL 3 COMMUNICATIONS, LLC