# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

---

### DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

Defendant, Level 3 Communications, LLC ("Defendant"), by and through its attorneys, Brownstein Hyatt Farber Schreck, P.C., responds to Plaintiff's Discovery Requests (the "Written Discovery") as follows:

GENERAL OBJECTIONS

1.    Defendant objects to the Written Discovery to the extent that it calls for information and documents protected by the attorney-client privilege or the work product doctrine.

2.    Defendant objects to the Written Discovery to the extent that it seeks information and documents which Plaintiff already has possession, custody, or control over, or that are equally available to Plaintiff through reasonable means of inquiry.

3. Defendant objects to the Written Discovery on the grounds and to the extent that it attempts to impose on Defendant obligations beyond those imposed by the Federal Rules of Civil Procedure.

4. Defendant objects to the Written Discovery to the extent that it seeks discovery of confidential information, business records and information, proprietary information, or financial data; such information is produced subject to the terms of the Stipulated Protective Order entered in this case on July 10, 2007.

5. Defendant objects to each request for production of documents to the extent that it attempts to require Defendant to compile information that has not already been organized into existing documents or to produce information or documents not in its possession, custody or control; Fed. R. Civ. P. 34 does not require Defendant to do so.

6. To the extent that Defendant's responses to the Written Discovery require modification based on information subsequently learned during informal or formal discovery, Defendant reserves the right to supplement its responses in accordance with F.R.C.P. 26(e).

7. Subject to and without waiving the foregoing objections (collectively, the "General Objections"), Defendant states that it shall respond in accordance with the Federal Rules of Civil Procedure.

<u>REQUESTS FOR PRODUCTION OF DOCUMENTS<br>AND INTERROGATORIES</u>

1. Please produce any and all documents that mention, discuss, or pertain to plaintiff's employment, job assignments, change in job assignments, termination, claim of discrimination, pay, benefits, and job performance from August 1, 1999 through the present.

**RESPONSE TO NO. 1:**

Defendant objects to this request to the extent it calls for information or documents protected by the attorney-client privilege or work product doctrine. Defendant further objects to this request on the grounds that it is vague, overbroad, and contains multiple subparts. In addition, Defendant objects that this request calls for a response that is unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence; the request seeks anything Plaintiff ever did or touched while employed at Level 3, arguably including every email, every project, and all of Plaintiff's work assignments and duties.

Subject to these objections and the General Objections, documents responsive to this request were produced with Defendant's initial and supplemental disclosures. Additional documents responsive to this request were produced by Plaintiff's counsel on September 6, 2007, in response to Defendant's Requests for Production of Documents. Finally, other documents responsive to this request were identified and presumably produced as part of Plaintiff's initial and supplemental disclosures.

2. Please produce any and all files maintained for plaintiff or that contain her employment information, including but not limited to personnel file, financial file, benefits file, performance file, and any and all documents relating to her termination.

**RESPONSE TO NO. 2:**

Defendant incorporates by reference its response to the previous request.

3. Please produce any and all documents that support your defenses.

3

**RESPONSE TO NO. 3:**

  Defendant objects to this request to the extent that it seeks documents protected by the attorney-client privilege or work-product doctrine. Defendant further objects to this request on the grounds that it is overbroad and vague, and requires a response that is unduly burdensome.

  Without waiving these objections or the General Objections, Defendant states that copies of responsive documents were identified in both parties' initial and supplemental disclosures. The exhibits used during the deposition of Plaintiff are also responsive to this request. The parties' pleadings, disclosure documents and discovery responses may also be used to support Defendant's defenses. Finally, to the extent that witnesses deposed by Plaintiff's counsel are "unavailable" for trial, pursuant to the definition of "unavailable" set forth in the Federal Rules of Civil Procedure, the deposition transcripts of any unavailable witnesses will be used to support Defendant's defenses.

  4. Please set forth the names of any and all persons who communicated with anyone with regard to, or discussed, the reasons or grounds for plaintiffs termination, and set forth the date of each such communication as well as the names of any and all participants and sum and substance of each such communication or discussion. With regard to each such communication or discussion, please produce any and all documents that embody, mention, discuss, or relate thereto.

**RESPONSE TO NO. 4:**

  Defendant objects to this request to the extent it seeks information protected by the attorney client privilege or work product doctrine. Defendant further objects to this request on the grounds that it contains multiple subparts and requires a response that is unduly burdensome.

Subject to these objections and the General Objections, Defendant states the following: From the end of 2005 through 2006, Level 3 acquired five separate companies. As part of the process of integrating the new companies, Level 3 needed to identify and reduce redundant positions and increase its efficiencies in all positions.

As part of one such integration (the Level 3/WilTel merger of February 2006), and approximately five weeks prior to Plaintiff's separation from Level 3, Frank Mambuco, Paul Sedoa, Tim Elbert, and Kelly Bell met in Tampa, Florida. These executives were to determine the number of employees needed for each region after the WilTel merger. The meeting was held over the course of several days and final head count numbers were decided for minimal coverage in each region. During that meeting, the decision was made to limit the number of managers in each region. As a result of that meeting, more than 85 employees within Plaintiff's Division (Field Services) were let go, and 131 employees company-wide were impacted by the May 2006 RIF.

As is most pertinent to this case, the decision was made to combine the Inside Plant Manager position (formerly Diron Benschop's position) and Outside Plant Manager position (formerly Plaintiff's position at Level 3, and Everett McCain's position at Wiltel) into one position. And a new position, Field Manager (Denver), was created to assume the duties of these positions and to take on additional duties. Thus, in addition to absorbing the Inside Plant and Outside Plant manager duties, the new Field Manager position also consisted of additional sites and more route miles not previously covered by Mr. Benschop, Mr. McCain, or Plaintiff. Neither position, Inside Plant Manager (also called Metro Manager) or Outside Plant Manager, at Level 3 or WilTel was to continue. Accordingly, there was no position for Plaintiff to perform and she was subject to a reduction in force.

5

After the meeting in Florida (referenced above), the division Vice Presidents picked their division leaders. Once the division leaders were chosen, each was given a head count to work with. Mr. Elbert picked Peter Smith as the Denver division leader. After Mr. Elbert notified Mr. Smith of this selection, however, Mr. Smith resigned from Level 3. Mr. Bissani subsequently took over Peter Smith's position. Thus, Mr. Bissani was required to make employment decisions needed to meet the reduced head count (restructuring from the merger) in his division, and was directed by Tim Elbert to combine the Inside Plant and Outside Plant duties under one manager. After Mr. Bissani was selected to take over Mr. Smith's position, Mr. Bissani obtained input from Peter Smith and Tim Elbert regarding Rebecca Capps, Diron Benschop, and Everett McCain. Mr. Bissani's meeting with Mr. Smith at LePeep restaurant and Mr. Bissani's decision-making process were explained in detail in the depositions of Messrs. Bissani and Smith. Please refer to those deposition transcripts and Fed. R. Civ. P. 33(d). Generally speaking, Mr. Smith reported to Mr. Bissani that Plaintiff did not have the necessary Inside Plant (Metro) experience for the new position and that her attention to detail and paperwork were problematic. Mr. Smith also reported that the Field Manager position was going to be an increase in workload and Plaintiff was not going to be able to handle both workloads. Mr. Smith did not believe that Plaintiff could handle the combined job, which was going to be more work, and told Mr. Bissani so. With respect to Mr. Benschop, generally speaking Mr. Smith reported that Mr. Benschop would not be able to handle the new position. According to Mr. Smith, Mr. Benschop was good with paperwork, but had shortcomings with respect to outside plant skills and certain aspects of management. Mr. Elbert reported that Mr. McCain was also not qualified for the new position. Mr. Bissani decided not to hire Plaintiff, Mr. Benschop, or Everett McCain for the new position. Mr. Bissani also did not believe that Plaintiff could perform the duties of the Field Manager

position from her home in Wheatland, Wyoming, and she had not complied with prior requests to regularly work out of Denver and increase her presence in the metro area. Mr. Bissani was never specifically required to address whether Plaintiff must be selected for the Field Manager position, however, because Plaintiff never applied for that position.

Finally, documents responsive to this request were identified in both parties' initial and supplemental disclosures. The exhibits used during Plaintiff's deposition, and the deposition transcripts of Messrs. Smith and Bissani, and Plaintiff, are also responsive to this request.

5. With regard to any and all employees who assumed any duties previously performed by plaintiff after her termination and to the present, please set forth the following information and/or documents:

    a. Name, sex and date of birth.

    b. Any and all job titles from January 1, 2003 to the present.

    c. Date of initial hire and inclusive dates of all periods of employment with the defendant.

    d. Name of any and all supervisors from January 1, 2003 to the present.

    e. Please produce his/her personnel file (from which you may exclude any and all documents unrelated to job performance, qualifications, credentials, prior education and training, past and present job assignments, hiring or termination).

    f. Names of any and all managers or supervisors who determined that he or she would assume any duties previously performed by plaintiff.

    g. Please set forth any and all reasons why each such person assumed any duties previously performed by plaintiff, and which duties.

    h.    Set forth and describe any and all duties performed that were previously performed by plaintiff and separately set forth any and all that were not previously performed by plaintiff.

    i.    Produce any and all job descriptions that pertain to any and all such jobs or duties.

**RESPONSE TO NO. 5:**

Defendant objects to this request as vague, overly broad, and further, on the grounds that it contains multiple subparts. Defendant further objects to this request as not reasonably calculated to lead to the discovery of relevant, admissible evidence inasmuch as it seeks information related to Plaintiff's former duties - Plaintiff's former job as Outside Plant Manager was eliminated. *Myers v. Colgate-Palmolive Co.*, 26 Fed. Appx. 855, 861 (10th Cir. 2002) (citing *Furr v. Seagate Technology, Inc.*, 82 F.3d 980, 988 (10th Cir. 1996) ("The test for position elimination is not whether the responsibilities were still performed, but rather whether the responsibilities still constituted a single, distinct position.")). The position of Field Manager (Denver) was a new position combining the duties and positions of multiple employees, including Plaintiff, and also consisting of additional duties and territories not previously covered by those former positions.

Furthermore, Plaintiff is alleging employment discrimination based on sex and an alleged disability. Thus, to the extent this request seeks information regarding the age and/or date of birth of any Level 3 employee, such information is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Defendant also objects to this discovery request to the extent it seeks information equally available to the Plaintiff, especially regarding Plaintiff's job duties while employed at Level 3.

8

Without waiving these objections or the General Objections, Defendant states that Steve Forry (a male) assumed the duties previously performed by Plaintiff, in addition to several additional duties, including the duties previously performed by Diron Benschop and Everett McCain. Mr. Forry's position was as Field Manager (Denver). Mr. Bissani hired Mr. Forry on or about May 9, 2006.

Sometime thereafter, Level 3 acquired another company, ICG. After the ICG merger, all of the Company's Metro plants were combined nationwide, and formed the Metro Network Services Division. The Outside plants were also combined, and formed the Global Network Services Division. Under this new, divided system, Diron Benschop became a Senior Technician in the Metro (Denver) plant, while Steve Forry was moved exclusively into the Global Network Services Division.

Subject to the objections set forth above and the General Objections, and the Stipulated Protective Order entered in this case on July 10, 2007, documents responsive to this request have been identified in both parties' initial and supplemental disclosures. In addition, the exhibits used during the depositions taken in this case are responsive to this request. Defendant will produce additional responsive, non-privileged documents for inspection and copying at the office of undersigned counsel upon reasonable notice.

6. Please set forth the names of any and all persons who communicated with anyone within the defendant corporation with regard to, or discussed, trying to find a job for plaintiff within the defendant corporation once it was determined that she might be terminated. Please set forth the date of each such communication as well as the names of any and all participants and sum and substance of each such communication or discussion. With regard to each such

communication or discussion, please produce any and all documents that embody, mention, discuss, or relate thereto.

**RESPONSE TO NO. 6:**

Defendant objects to this request to the extent it seeks information protected by the attorney client privilege or work product doctrine. Defendant further objects to this request to the extent it contains multiple subparts. In addition, Defendant objects to this request to the extent it seeks information equally or exclusively available to the Plaintiff, especially regarding Plaintiff's communications with undisclosed individuals or Plaintiff's undisclosed communications with others.

Subject to these objections and the General Objections, Defendant states that it is unaware of any communications Plaintiff had with others regarding a job for Plaintiff in the Defendant Corporation. Based upon Defendant's investigation, however, Plaintiff had communications with Justine Aimone regarding the Field Manager position being posted on Level 3's website. Mr. Aimone was deposed in this case. *See* Fed. R. Civ. P. 33(d). Plaintiff also spoke with Mr. Forry regarding her presumption that she would be laid off after the WilTel merger, due to restructuring. Mr. Forry was also deposed in this case. *See* Fed. R. Civ. P. 33(d).

Further, the Field Manager position was posted externally. And prior to Plaintiff's separation from Level 3, Mr. Bissani encouraged the Plaintiff to apply for the Field Manger position. He also informed her that the new position would be posted. Mr. Bissani made it clear to Plaintiff that the structure of Level 3 was changing and that she had to apply to be considered for the Field Manager position. Nevertheless, Plaintiff did not apply for the Field Manager position. She also failed to apply for any other position at Level 3.

7.    Please set forth the names of any and all individuals who criticized (positively and/or negatively) plaintiff's job performance in any way from January 1, 2000 to the present, and set forth the sum and substance of each and every such communication. Please produce any and all documents that relate to, mention, discuss, or embody each and every such communication.

**RESPONSE TO NO. 7:**

Defendant objects to this request on the grounds that it is vague and ambiguous as to what is meant by "criticized" and "job performance." Defendant further objects to this request on the ground that it is overly broad and to the extent it seeks information protected by the attorney client privilege or work product doctrine. In addition, Defendant objects to this request to the extent it seeks information equally available to the Plaintiff, including but not limited to, all criticisms contained in the deposition transcripts of all deponents in this case and the deposition exhibits, in addition to all documents previously produced by the parties.

Without waiving these objections or the General Objections, Defendant states that responsive, non-privileged documents were identified in the parties' initial and supplemental disclosures. In addition, the deposition exhibits in this case are responsive to this request. Defendant also incorporates its responses set forth for Request Nos. 1 and 4, above.

Furthermore, Defendant states that Peter Smith criticized Plaintiff's performance in her performance reviews (previously produced by Defendant), and during a meeting with Kaily Bissani at LePeep Restaurant, as set forth in Defendant's response to Request No. 4, above. In addition, Mr. Bissani criticized Plaintiff's performance when he told Plaintiff that she was not available and/or present in Denver enough, and that she failed to come to Denver when

11

requested. Finally, Mr. Bissani criticized Plaintiff's performance in an April 2006 email; in that email, Plaintiff demonstrated an unacceptable attitude and disrespect toward Mr. Bissani.

       8.      Please set forth the sum and substance of the knowledge of each of the defendant's managers or supervisors and/or agents regarding any and all of the defendant's defenses in this case.

**RESPONSE TO NO. 8:**

Defendant objects to this request to the extent that it seeks information protected by the attorney-client privilege or work-product doctrine. Defendant further objects to this request on the grounds that it is vague, ambiguous, calls for a legal conclusion, is overly broad and requires a response that is unduly burdensome.

Without waiving these objections or the General Objections, Defendant directs Plaintiff to the pleadings, Defendant's responses set forth herein (including responses to Request Nos. 4, 6 and 7), the scheduling order, documents in Plaintiff's possession, and documents identified in the parties' initial and supplemental disclosures, including Plaintiff's personnel file and Defendant's position statement submitted to the EEOC. *See* Fed. R. Civ. P. 33(d).

       9.      Please produce any and all documents provided to the EEOC.

**RESPONSE TO NO. 9:**

Defendant objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence inasmuch as the request is not limited to a particular time frame, is not limited in scope, and does not specify the substance or subject of documents provided to the EEOC.

Without waiving these objections or the General Objections, all documents that Defendant produced to the EEOC in response to Plaintiff's charge of discrimination against

Defendant were included within the documents identified in Defendant's Fed. R. Civ. P. 26(a)(1) Disclosures and supplemental disclosures.

    10.    Please produce any and all personnel policies and procedures that applied to plaintiff during the last three years of her employment.

**RESPONSE TO NO. 10:**

Defendant objects to this request on the grounds that it is unduly burdensome, vague and ambiguous. Defendant also objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Without waiving these objections or the General Objections, Defendant responds that it will produce all responsive, non-privileged documents for inspection and copying at the office of undersigned counsel upon reasonable notice.

    11.    If plaintiff's termination was allegedly the result of a RIF or reorganization, please provide the following information with regard to that RIF or reorganization:

    a.    The name, sex, date of birth, job title and unit of each and every employee who was terminated in the same RIF or reorganization.

    b.    Produce any and all charts, schematics or other documents that show how the RIF and/or reorganization impacted the structures of the companies involved.

    c.    Produce any and all documents that mention or discuss the reasons for the RIF or reorganization.

    d.    Produce any and all documents that mention or discuss the process by which terminations were conducted and persons selected for termination.

    e.    Produce any and all documents that mention or discuss the reasons why certain employees, including plaintiff, were selected for termination.

      f.      Produce any and all documents that mention or discuss the reasons why those employees who were not selected for termination were indeed not selected.

**RESPONSE TO NO. 11:**

Defendant objects to this request to the extent it seeks information protected by the attorney client privilege or work product doctrine. Defendant further objects to this request on the grounds that it contains multiple subparts. Furthermore, Plaintiff is alleging employment discrimination based on sex and an alleged disability. Thus, to the extent this discovery request seeks information regarding the age and/or date of birth of any Level 3 employee, such information is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Finally, this discovery request is not reasonably calculated to lead to the discovery of admissible, relevant evidence, inasmuch as it seeks information unrelated to Plaintiff's job elimination, Plaintiff's treatment by her supervisors, and Plaintiff's unit. Information regarding other employees of Level 3 impacted by the May 2006 RIF is irrelevant and sought for improper purposes. *See Kresefsky v. Panasonic Communications and Systems, Co.*, 169 F.R.D. 54, 66-67 (D. N.J. 1996) (discovery is limited to the employing unit where the relevant employment decisions are made). A disparate treatment claim focuses on "how and why and employer treated a particular individual the way it did" in the complained-about employment practice. *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1319 (10th Cir. 1999). Because the employment practice about which Plaintiff complains is the May 2006 RIF, and because this discovery request seeks information regarding terminations at Level 3 about employees other than Plaintiff, the information it seeks is irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of relevant, admissible evidence.

14

Subject to these objections and the General Objections, Defendant states that Plaintiff's position was eliminated, among others, as a result of a Reduction in Force which was prompted by Level 3's merger with WilTel. *See* Defendant's responses to Request Nos. 4, 7-10, incorporated by reference. Diron Benschop and Everett McCain's positions were also eliminated. And Mr. McCain was let go as part of the same Reduction in Force that impacted Plaintiff.

Documents responsive to this request were identified in both parties' initial and supplemental disclosures. The deposition exhibits in this case are also responsive to this request.

12. With regard to Kaily Biassani [*sic*], please produce his personnel file (from which may be removed any and all documents unrelated to performance, hiring, termination, evaluation, criticisms of him, and/or his conduct at the company), and please set forth the names of any and all individuals who criticized (positively and/or negatively) his job performance in any way from January 1, 2002 to the present, and set forth the sum and substance of each and every such communication. Please produce any and all documents that relate to, mention, discuss, or embody each and every such communication.

**RESPONSE TO NO. 12:**

Defendant objects to this request as vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant, admissible evidence. Subject to these objections and the General Objections, and the Stipulated Protective Order entered in this case on July 10, 2007, responsive, non-privileged documents are available for inspection and copying at the office of undersigned counsel upon reasonable notice.

## VERIFICATION

STATE OF   New Jersey  )
                       ) ss.
COUNTY OF   Bergen     )

On behalf of Level 3 Communications, LLC, I declare under penalty of perjury under the laws of the State of Colorado that the foregoing Defendant's Responses to Plaintiff's Discovery Requests are true and correct.

DATED this 23 day of ~~December 2007~~ January 2008.

*/s/ Karly Boussum*

Subscribed and sworn to before me this 23 day of ~~December 2007~~ January 2008, by

[SEAL]

*/s/ Isha Patel*
Notary Public

My Commission Expires:

ISHA PATEL
NOTARY PUBLIC OF NEW JERSEY
Commission expires 1/5/2012

01/23/2008

16

AS TO OBJECTIONS AND REQUESTS FOR PRODUCTION:

Dated: December 31, 2007

        Brownstein Hyatt Farber Schreck, P.C.

        By:    s/Leah P. VanLandschoot
                  Meghan W. Martinez, #26295
                  Leah P. VanLandschoot, #35723
                  Brownstein Hyatt Farber Schreck, P.C.
                  410 17th Street, Suite 2200
                  Denver, Colorado 80202

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 31st day of December, 2007, a true and correct copy of the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS** was e-mailed and placed in the United States mail, postage prepaid, addressed as follows:

John R. Olsen, Esq.
Olsen and Brown, LLC
8362 Greenwood Drive
Niwot, CO  80503

                s/ Linda R. Kerman

17