# Exhibit 18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

     Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

     Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

     Defendant, Level 3 Communications, LLC ("Defendant"), by and through its attorneys, Brownstein Hyatt Farber Schreck, P.C., responds to Plaintiff's Discovery Requests (the "Written Discovery") as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the Written Discovery to the extent that it calls for information and documents protected by the attorney-client privilege or the work product doctrine.

2.    Defendant objects to the Written Discovery to the extent that it seeks information and documents which Plaintiff already has possession, custody, or control over, or that are equally available to Plaintiff through reasonable means of inquiry.

position from her home in Wheatland, Wyoming, and she had not complied with prior requests to regularly work out of Denver and increase her presence in the metro area. Mr. Bissani was never specifically required to address whether Plaintiff must be selected for the Field Manager position, however, because Plaintiff never applied for that position.

Finally, documents responsive to this request were identified in both parties' initial and supplemental disclosures. The exhibits used during Plaintiff's deposition, and the deposition transcripts of Messrs. Smith and Bissani, and Plaintiff, are also responsive to this request.

5.      With regard to any and all employees who assumed any duties previously performed by plaintiff after her termination and to the present, please set forth the following information and/or documents:

a.      Name, sex and date of birth.

b.      Any and all job titles from January 1, 2003 to the present.

c.      Date of initial hire and inclusive dates of all periods of employment with the defendant.

d.      Name of any and all supervisors from January 1, 2003 to the present.

e.      Please produce his/her personnel file (from which you may exclude any and all documents unrelated to job performance, qualifications, credentials, prior education and training, past and present job assignments, hiring or termination).

f.      Names of any and all managers or supervisors who determined that he or she would assume any duties previously performed by plaintiff.

g.      Please set forth any and all reasons why each such person assumed any duties previously performed by plaintiff, and which duties.

communication or discussion, please produce any and all documents that embody, mention, discuss, or relate thereto.

**RESPONSE TO NO. 6:**

Defendant objects to this request to the extent it seeks information protected by the attorney client privilege or work product doctrine. Defendant further objects to this request to the extent it contains multiple subparts. In addition, Defendant objects to this request to the extent it seeks information equally or exclusively available to the Plaintiff, especially regarding Plaintiff's communications with undisclosed individuals or Plaintiff's undisclosed communications with others.

Subject to these objections and the General Objections, Defendant states that it is unaware of any communications Plaintiff had with others regarding a job for Plaintiff in the Defendant Corporation. Based upon Defendant's investigation, however, Plaintiff had communications with Justine Aimone regarding the Field Manager position being posted on Level 3's website. Mr. Aimone was deposed in this case. *See* Fed. R. Civ. P. 33(d). Plaintiff also spoke with Mr. Forry regarding her presumption that she would be laid off after the WilTel merger, due to restructuring. Mr. Forry was also deposed in this case. *See* Fed. R. Civ. P. 33(d).

Further, the Field Manager position was posted externally. And prior to Plaintiff's separation from Level 3, Mr. Bissani encouraged the Plaintiff to apply for the Field Manger position. He also informed her that the new position would be posted. Mr. Bissani made it clear to Plaintiff that the structure of Level 3 was changing and that she had to apply to be considered for the Field Manager position. Nevertheless, Plaintiff did not apply for the Field Manager position. She also failed to apply for any other position at Level 3.

10