IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

---

### MOTION TO STRIKE DECLARATION OF REBECCA CAPPS
---

Defendant, Level 3 Communications, LLC, through its undersigned attorneys, submits the following Motion to Strike the Declaration of Rebecca Capps. In support thereof, Defendant states as follows.

### INTRODUCTION

On February 21, 2008, Plaintiff filed a response opposing Defendant's Motion for Summary Judgment ("Opposition") (Docket No. 17). Attached to the Opposition as Exhibit 1 is a document entitled "Declaration of Rebecca Capps Pursuant to 28 U.S.C. § 1746" ("Declaration"). This Declaration should be stricken for several reasons:

    1) it is made "upon information and belief" not personal knowledge, and thus, does not comport with Fed. R. Civ. P. 56(e);

    2) it fails to set forth facts that would be admissible in evidence; it includes hearsay statements, irrelevant statements, conclusory allegations, legal argument, statements that could not plausibly be premised upon

personal knowledge, and statements that are too vague, incoherent, or incomplete to be useful; and

3) it contradicts Plaintiff's sworn deposition testimony.

## ARGUMENT

**I.    THIS COURT SHOULD STRIKE THE DECLARATION BECAUSE IT IS MADE "UPON INFORMATION AND BELIEF" NOT PERSONAL KNOWLEDGE.**

Under Fed. R. Civ. P. 56(e), only statements "made on personal knowledge" can support a motion for summary judgment; "statements of mere belief must be disregarded." Tavery v. U.S., 32 F.3d 1423, 1427 n.4 (10th Cir. 1994).  Thus, "affidavits that contain speculation or hearsay without factual support, and statements in an affidavit prefaced by the phrases 'I believe' or 'upon information and belief' or those made upon an 'understanding,' are [] properly subject to a motion to strike."  Starkey v. Miller, 2007 WL 4522702 at *8 (D. Colo. 2007) (citation omitted); see also, Automatic Radio Mfg. Co. v. Hazeltine Research, 339 U.S. 827, 831 (1950) (affidavit in support of motion for summary judgment made "on information and belief" does not comport with Rule 56(e)); see also, Jameson v. Jameson, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Belief, no matter how sincere, is not equivalent to knowledge."); 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d § 2738, pp. 486-89 (1983).

Here, the first sentence of the Declaration provides, "I, REBECCA CAPPS, state as follows **upon information and belief**:"  See Declaration of Rebecca Capps Pursuant to 28 U.S.C. § 1746 at 1 (emphasis supplied), attached hereto as Exhibit A.  The Declaration goes on for eleven pages, all of which is subject to the caveat "upon information and belief."

The law is clear, however, that "[s]tatements of mere belief in an affidavit must be disregarded," Argo v. Blue Cross and Blue Shield of Kansas, Inc., 452 F.3d 1193, 1200 (10th

2

Cir. 2006), and "assertions in [an] affidavit that [are] not supported in the record by corroborating evidence are insufficient to create a genuine question of material fact precluding summary judgment." Volker, 2007 WL 951793 at *3 (citing Salguero v. City of Clovis, 366 F.3d 1168, 1177 n. 4 (10th Cir. 2004)).  Accordingly, Plaintiff's Declaration is improper and should be stricken.

**II.   THE DECLARATION MUST BE STRICKEN BECAUSE IT IS DOES NOT SET FORTH FACTS THAT WOULD BE ADMISSIBLE EVIDENCE.**

An affidavit submitted in opposition to a motion for summary judgment must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.  See Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (emphasis added); Volker v. T-Mobile USA, Inc., 2007 WL 951793 at *3 (D. Colo. 2007) ("Rule 56(e) requires that supporting and opposing affidavits shall be made on personal knowledge and that the facts set forth be admissible in evidence.").  Where an affidavit contains merely generalized, unsubstantiated claims not based on personal knowledge, such affidavit does not create genuine issues of material fact as to those claims.  Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995).  "Inadmissible hearsay may not be included in an affidavit to defeat summary judgment because a third party's description of a witness's supposed testimony is not suitable grist for the summary judgment mill."  Id. at 485.  Likewise, affidavits which contain conclusions of law or ultimate facts, or contain arguments and inferences, should be struck.  Starkey, 2007 WL 4522702 at *8.

In Alvariza v. Home Depot, 2007 WL 794187 (D. Colo. 2007) (Slip Copy), the court struck the plaintiff's self-serving affidavit for reasons readily apparent in Plaintiff's Declaration here.  The court found, specifically, that:

3

> [t]he statements in Plaintiff's Response that Plaintiff attempts to incorporate as her sworn testimony can be divided into a number of categories, many of them overlapping: (1) hearsay statements (*e.g .*, *id.,* Statement of Additional Disputed Facts ¶ 1 ["Mr. Zimberoff expressly told (Plaintiff) that he would not want to work for Mr. Jones ...."] ); (2) irrelevant statements (*e.g., id.*); (3) self-serving, conclusory allegations (*e.g., id.,* Statement of Additional Disputed Facts ¶¶ 52-53 ["Mr. Jones's hiring policies revolved around his 'Good Old White Boy' network.... Mr. Jones made it his practice to hire White males under the age of [forty].'"] ); (4) statements that could not plausibly be premised upon personal knowledge (*e.g., id.,* Statement of Additional Disputed Facts ¶ 35 [asserting that hourly employees "knew [Plaintiff] was a [sic] honest manager and would always 'do the right thing'"]); (5) statements that baldly contradict Plaintiff's sworn deposition testimony, (*compare id.,* Statement of Additional Disputed Facts ¶ 48 ["[Plaintiff] experienced so much day-to-day hostilities [sic] ... after the January 2004 'incident,' that it was impossible for [her] or any reasonable person to put up with it each day."], *with* Def.'s Br ., Ex. A at 247, 294-95 [Baldwin Dep.] [stating she enjoyed working for Defendant "[t]remendously;" noting that she submitted a letter of resignation in March 2004 and then continued to work for Defendant for two more weeks] ); (6) statements that are too vague, incoherent, or incomplete to be useful (*e.g.,* Pl.'s Resp., Resp. to Statement of Undisputed Material Facts ¶ 14 ["Baldwin was asked by several hourly employees to include [sic] assistant managers from her store and other stores about this issue."] ); and (7) statements that might actually be admissible (*e.g., id.,* Statement of Additional Disputed Facts ¶ 6 ["[Plaintiff] invited Brooke Christopher to her home in January 2004."]).

Alvariza, 2007 WL 794187 at *4. As to the last category, the court continued, "[w]hile the court recognizes that a handful of the statements Plaintiff attempts to incorporate into her affidavit might well have been admissible had they been presented in a more regular manner, it is not this court's duty to cull through Plaintiff's submissions to separate the wheat from the chaff." Id. at *5.

The statements in Plaintiff's Declaration can be separated into these same categories:

(1) **Hearsay statements** (e.g., "He [Pete Smith] repeatedly told me that I made him look good." ¶1); ("So regardless of what the company is saying now, Pete Smith always told me that be thought highly of my service . . . and said, year after year, that my team did a 'great' job." ¶ 4);

4

(Steve told me he was on a performance plan when he was previously laid off from Level 3. ¶ 23).

(2) **Irrelevant statements** (e.g., "I am a female with a competitive spirit, and I never minded trying out things in a so-called man's world.  I consider myself feminine but I played football in a professional women's league and have been a competitive cutting horse rider, competing for prizes in Western states." ¶1); ("It happened repeatedly that I would meet someone and you could see the look on their face, like, 'Wow, a woman was responsible for this work – and it was a hundred or two hundred miles of installation we were putting in and maintaining – and I was responsible for it.'" ¶ 6).

(3) **Self-serving, conclusory allegations** (e.g., "Pete was part of the network of good old boys who ran the company and watched eachother's backs.  No woman could ever break into that network.  We were always outsiders.  The men all took care of each other and sort of tolerated the women in their midst.  When Pete left the company, his friends took care of him.  That's why he got a separation package, when ordinarily no one gets a separation package at Level 3 for simply resigning.  If Pete had been a woman, that would never have happened.  Women at Level 3 never got the benefit of the doubt or any favors.  What is amazing is that Level 3 brought Pete back and never required him to pay back a penny of his separation package." ¶ 5); ("The history of this company was very interesting.  This was a male operation.  There was this background feeling that women were not tough enough to do this kind of work, or could not master the technical part of it.  Putting in and maintaining optical networks is very technical, and Level 3 was an almost exclusively male club in that regard." ¶ 6).

(4) **Statements that could not plausibly be premised upon personal knowledge** (e.g., "My boss, Pete Smith, was very picky and never had a good word to say about anyone of his subordinates. I'm sure that's one of the reasons that he eventually resigned." ¶2); ("What happened is that I am sure Kaily has faced discrimination claims before, because he is a very sexist personality, and he is adept at trying to maneuver to defeat them." ¶ 8).

(5) **Statements that are too vague, incoherent, or incomplete to be useful** (e.g., "You have to understand what happens at Level 3 when the [expletive deleted] hits the fan." ¶ 13); ("It was not more than two or three conversations with Kaily before I realized that he was extremely uncomfortable around women . . . It may have had something to do with Kaily's Moroccan background, I don't know." ¶ 10).

### III.   THE DECLARATION MUST BE STRICKEN BECAUSE IT CONTRADICTS PLAINTIFF'S SWORN DEPOSITION TESTIMONY.

When an affidavit contradicts sworn deposition testimony, it is incredible. <u>Bohn v. Park City Group, Inc.</u>, 94 F.3d 1457, 1463 (10th Cir. 1996) ("Defendants correctly point out, however, that plaintiff's affidavit contradicts his deposition testimony . . . and thus the affidavit should not be considered."); <u>see also</u>, <u>United States v. Bao</u>, 189 F.3d 860, 866 (9th Cir. 1999) ("A prior inconsistent statement is admissible to raise the suggestion that if a witness makes inconsistent statements, then his entire testimony may not be credible; such an inference does not depend on whether either the prior statement or the subsequent in-court statement is true.").

Here, Plaintiff's Declaration contradicts her deposition testimony. Plaintiff claims, in paragraph 4 of the Declaration, that "I always got the best raises in my salary." Exhibit A at 2, ¶ 4. In Plaintiff's Deposition, however, Plaintiff testified that:

Q.     Were you ever passed over for a pay raise?

6

```
A.     Yes.
Q.     How many times?
A.     I'd say at least two.  There might have been more, but definitely two.
```

See Deposition of Rebecca A. Capps at 33:24-34:5, pertinent portions attached hereto as Exhibit B.  In addition, Plaintiff claims in her Declaration, "Kaily decided to fire Kathy [Bennett] after Pete Smith discussed it, and Kaily decided to go through with it."  See Exhibit A at ¶ 8.  In her deposition, however, Plaintiff testified:

```
Q.     Did you make the decision to lay off Ms. Bennett?
A.     No.
Q.     Do you know who did?
A.     Yes.
Q.     Who?
A.     Pete Smith.
```

Exhibit B at 52:8-14.

Plaintiff has in fact shown herself to be unworthy of belief.  Her deposition was taken under oath; see Exhibit B at 4, while her contradictory Declaration was signed under penalty of perjury.  See Exhibit A at 10.  Accordingly, Plaintiff's Declaration must be stricken as incredible.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court strike the Declaration of Rebecca Capps and all references to such Declaration in Plaintiff's Opposition.

Dated this 21st day of March, 2008.

BROWNSTEIN HYATT FARBER SCHRECK, LLP


s/Leah P. VanLandschoot
Meghan W. Martinez
Leah P. VanLandschoot
410 17th St., 22nd Floor
Denver, CO 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC


## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 21st day of March, 2008, a true and correct copy of the foregoing **MOTION TO STRIKE DECLARATION OF REBECCA CAPPS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

olsenbrown@comcast.net


BROWNSTEIN HYATT FARBER SCHRECK, LLP


s/ Leah P. VanLandschoot
Meghan W. Martinez
Leah P. VanLandschoot
410 17th Street, Suite 2200
Denver, Colorado 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC