IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA CAPPS,

       Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

       Defendant.

_____

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S DECLARATION

_____


       PLAINTIFF REBECCA CAPPS, by her attorneys, Olsen & Brown LLC, respectfully

opposes Defendant's Motion to Strike Declaration of Rebecca Capps, and as grounds therefor

state as follows:

INTRODUCTION

       The defendant's attorney have decided to create a new summary judgment weapon not

expressly provided for in the Federal Rules of Civil Procedure -- namely the filing of an

additional motion to strike the declaration of the plaintiff.  Thus, such an attack could have

been brought within the summary judgment briefing.  Instead, a "laundry list" challenge has

been separately leveled, each component of which must be analyzed separately to see that each

and every statement in plaintiff's declaration is admissible.  Defendant's attack has been

brought to continue a pattern of attempting to increase plaintiff's attorney's fees and drive her

out of the case economically.

Moreover, in proceeding in such a fashion, the defendant has intentionally put on

blinders as to the pertinent evidentiary rules, in particular F.R.E. 801, which defines as non-

hearsay "a statement by a party's agent or servant concerning a matter within the scope of the

agency or employment, made during the existence of the relationship. . . ."

Likewise, the defendant has ignored F.R.E. 701, which permits the testimony of a lay

witness as to his or her opinion, and evidentiary inferences therefrom, so long as they are

"rationally based on the perception of the witness and [ ] helpful to a clear understanding of the

witness' testimony or the determination of a fact in issue."  The Tenth Circuit has made clear,

and repeatedly, that, "Courts generally hold admissible under Rule 701 evidence in the form of

lay opinion testimony in discrimination cases when given by a person whose position with the

defendant entity provides the opportunity to personally observe and experience the defendant's

policies and practices."  *See, Gossett v. State of Oklahoma, et rel. Bd. of Regents for Langston*

*University*, 245 F.3d 1172, 1179 (10th Cir. 2001) [citation omitted] [emphasis added]; *see also*

*Welch v. Sirmons*, 451 F.3d 675, 693 (10th Cir. 2006).

Finally, the defendant has put on blinders as to ordinary notions of relevance, choosing

instead to ignore the provisions of F.R.E. 401 that relevant evidence means evidence "having

any tendency" to prove or disprove a fact that is of consequence in the proceeding.

The only way to properly address defendant's shotgun attack is to break it down, reviewing each item of evidence to which the defendant points, one by one, and in the same order.[1]

## DISCUSSION

### A.  Defendant's first attack:  "Hearsay Statements."

1.  The defense claims that the following statement should be struck as hearsay:  "He [Pete Smith] repeatedly told me that I made him look good."  To suggest that this statement should be struck a hearsay is frivolous.  Such a statement is not hearsay at all pursuant to F.R.E. 801, because it comprises "a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . ."

2.  The defense claims that the following statement should be struck as hearsay:  "So regardless of what the company is saying now, Pete Smith always told me that be thought highly of my service . . . and said, year after year, that my team did a 'great' job."  Again, the argument that this statement is inadmissible hearsay is frivolous.  Such a statement is not hearsay at all pursuant to F.R.E. 801, because it comprises "a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of

---

1 The defense argument that plaintiff's declaration is not made on personal knowledge but rather is made on "information and belief" is a technical attack that will be corrected, as plaintiff will be moving to substitute a form of declaration that removes the "information and belief" language but remains identical as to the facts presented from plaintiff's own eyewitness and ear-witness accounts.

the relationship. . . ."

3. The defense claims that the following statement should be struck as hearsay:  "Steve told me he was on a performance plan when he was previously laid off from Level 3."  To the contrary, this statement constitutes an admission by a party-opponent through its representative, namely plaintiff's manager pursuant to F.R.E. 801(d)(2) and thus is not hearsay at all.  It is no less admissible than if this manager (Steven Forry) had stated that he was told he was incompetent for the new job that should have gone to plaintiff.  The statement by Forry that he had previously been on a performance plan is also not hearsay because it is "a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . ."  It was certainly within Forry's scope of employment that he was previously placed on a performance plan <u>at Level 3</u>, and his statement patently was made while he was employed <u>at Level 3</u>.

**B.  Defendant's second attack:  "Irrelevant statements."**

1. The defense claims that the following statement should be struck as irrelevant: "I am a female with a competitive spirit, and I never minded trying out things in a so-called man's world.  I consider myself feminine but I played football in a professional women's league and have been a competitive cutting horse rider, competing for prizes in Western states."  This objection is frivolous in that plaintiff's competency and success in an extremely sexist  "man's world" goes to the very heart of this case.  It is certainly relevant that she is a women (in a sex discrimination case pursuant to Title VII of the Civil Rights Act of 1964), and she is qualified to state her own gender.  Statements as to

4

her background and personal experience are classically relevant to show her personality, dedication to success and accomplishment, and ability to succeed in the male-dominated company (including out in the field).  Finally, to the extent that plaintiff is not describing actual personal experience but expressing an opinion, such lay opinion testimony is admissible so long as it is rationally based upon the perception of the witness (which patently it is in this instance).  *See, Welch v. Sirmons*, 451 F.3d 675, 693 (10th Cir. 2006).

2.  The defense claims that the following statement should be struck as irrelevant:  "It happened repeatedly that I would meet someone and you could see the look on their face, like, 'Wow, a woman was responsible for this work — and it was a hundred or two hundred miles of installation we were putting in and maintaining — and I was responsible for it."  This is, again, a statement of plaintiff's direct eyewitnessing and ear-witnessing on the job -- and patently demonstrates her competency in the job from which she was later fired.  To suggest that her success in installing hundreds of miles of fiber optic cable -- and the reaction of her customers and clients to this accomplishment -- is irrelevant defies common sense.

### C.  Defendant's third attack:  "Self-serving, conclusory allegations."

1.  The defense claims that the following statement should be struck: "Pete was part of the network of good old boys who ran the company and watched each other's backs.  No woman could ever break into that network.  We were always outsiders.  The men all took care of each other and sort of tolerated the women in their midst.  When Pete left the company, his friends took care of him.  That's why he got a separation package,

when ordinarily no one gets a separation package at Level 3 for simply resigning.  If Pete

had been a woman, that would never have happened.  Women at Level 3 never got the

benefit of the doubt or any favors.  What is amazing is that Level 3 brought Pete back and

never required him to pay back a penny of his separation package."

Defendant's attack is that such evidence is "self-serving" and "conclusory" (with no other

attack).  First, the objection of "self-serving" is illusory and is not recognized in the Federal

Rules of Evidence, because it is probable that all evidence presented by a party in an adversary

proceeding is going to be self-serving.  As the Tenth Circuit has written, "Finally, plaintiff

objects to the affidavit defendants submitted in support of their motion for summary judgment,

because it was 'self-serving'. . . . Of course the affidavit served defendants' cause; its purpose was

to identify and explain . . . . [A]ffidavits of this sort are a proper."  *Wardell v. Duncan*, 470 F.3d

954, 964 (10th Cir. 2006).  That a party's averments in an affidavit are "conclusory" is also not a

sufficient objection, because plaintiff worked at Level 3 for many years -- in management -- and

was in a position to intimately observe the conduct she was describing, including the detailed

workings of the "good old boy network."  As the Tenth Circuit ruled in *Gossett, supra*, at 1179:

> Courts generally hold admissible under Rule 701 evidence in the form of lay
> opinion testimony in discrimination cases when given by a person whose position
> with the defendant entity provides the opportunity to personally observe and
> experience the defendant's policies and practices.  *See, e.g., Hansard v. Pepsi-Cola
> Metro. Bottling CO., 865 F.2d 1461, 1466-67 (5th Cir. 1989)* ["Courts often have
> permitted lay witnesses to express opinions about the motivation or intent of a
> particular person if the witness has an adequate opportunity to observe the underlying
> circumstances."] (citing cases); *cf. United States v. Hoffner,* 777 F.2d 1423, 1425
> (10th Cir. 1985) ["[C]ourts have been very liberal in admitting witnesses' testimony as
> to another's state of mind if the witness has had a sufficient opportunity to observe the

6

accused so as to draw a rational conclusion about the intent of the accused."]; *United States v. Freeman*, 514 F.2d 1184, 1191 (10th Cir. 1975) [lay opinion testimony of employee admitted as "a shorthand rendition of his knowledge of the total situation and the collective facts"].

In sum, plaintiff's averments are not inadmissible because they are either self-serving or conclusory.

2.  The defense claims that the following statement should be struck:  "The history of this company was very interesting. This was a male operation. There was this background feeling that women were not tough enough to do this kind of work, or could not master the technical part of it. Putting in and maintaining optical networks is very technical, and Level 3 was an almost exclusively male club in that regard."  Please see prior response above.  Plaintiff's conclusion is admissible pursuant to F.R.E. 701 as testimony of a lay witness regarding her opinion, and evidentiary inferences too, so long as they are "rationally based on the perception of the witness and [ ] helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."

### D.  Defendant's fourth attack:  "Statements that could not plausibly be premised upon personal knowledge."

1.  The defense claims that the following statement should be struck:  "My boss, Pete Smith, was very picky and never had a good word to say about anyone of his subordinates.  I'm sure that's one of the reasons that he eventually resigned."  Recall that this was plaintiff's boss, with whom she had worked for many years.  To suggest that

plaintiff could not have observed and experienced Smith's <u>pickiness</u> defies common sense. To suggest that plaintiff's interaction with Smith could not have led to a conclusion that he never had a good thing to say about any of his subordinates should not be well taken by the Court. These conclusions were reasonably based upon plaintiff's own observation of Smith <u>for a long period of time.</u> It is ludicrous to suggest that her observation of, and interaction with, Smith was not based upon plaintiff's personal knowledge.

2. The defense claims that the following statement should be struck: "What happened is that I am sure Kaily has faced discrimination claims before, because he is a very sexist personality, and he is adept at trying to maneuver to defeat them." That someone has a sexist personality is susceptible of being observed and experienced, particularly if one has worked with that person over a lengthy period of time. This was the result of plaintiff's personal knowledge of Mr. Bissani.

**E. Defendant's fifth attack: "Statements that are too vague, incoherent or incomplete to be useful.**

1. The defense claims that the following statement should be struck as too vague, incoherent or incomplete: "You have to understand what happens at Level 3 when the [expletive deleted] hits the fan." Needless to say, this sentence *seems* incomplete because the defense *left out the <u>next</u> sentence* (which sentence makes it complete and makes plaintiff's meaning abundantly clear), as follows: " Everyone starts getting rid of

documents, and they hunker down to get their stories together." *See*, Plaintiff's

Declaration, ¶ 13.  The defendant's attack should not be well taken when the defense does

not provide a fair and complete rendition of the pertinent evidence to the Court.

2.  The defense claims that the following statement should be struck:  "It was not

more than two or three conversations with Kaily before I realized that he was extremely

uncomfortable around women . . . It may have had something to do with Kaily's

Moroccan background, I don't know."  That Bissani was uncomfortable around women

was a fact objectively determined through plaintiff's direct observation of, and interaction

with, him.  To suggest that such observation is vague, incomplete or useless <u>in a sex

discrimination case</u> involving the boss' mental state in firing the plaintiff is frivolous.

**F.  The defense claim that Plaintiff contradicted her own deposition testimony is false and leads to no adverse conclusion regarding her veracity.**

This argument by the defense is plainly disingenuous.  The defense attorneys have

taken oranges and apples and presented them to the Court as bananas.  In the first

instance, plaintiff's declaration patently refers to salary raises that were demonstrative of

her excellent performance at the company.  Thus, the defendant intentionally left out the

context of the comment as follows:

> But he always rated my performance as "At or Above".  And I always got the best
> raises in my salary."  So regardless of what the company is saying now, Pete
> Smith always told me that he thought highly of my service, and he rated me "At or

Above" and said, year after year, that my team did a "great" job.

*See*, Plaintiff's Declaration, ¶ 4.

Thus, plaintiff obviously referred to the receipt of salary raises as a function of her excellent performance.

On the other hand, in plaintiff's deposition she referred to times when she <u>and all employee-owners</u> were passed over for raises pursuant to <u>companywide</u> cost-cutting measures -- "[c]ompany struggling, you know, to keep afloat and everybody's doing their part to contribute.  As employee owners, we were asked to contribute all the time." *See*, Plaintiff's Deposition, p. 34, l. 23 through p. 35, l. 2.

The suggestion that plaintiff somehow contradicted herself such that her declaration should be struck is not based on common sense and normal use of the English language.

The second example set forth by the defense as an alleged example of plaintiff contradicting her deposition is equally impotent.  It relates to the identity of the person who made the decision to fire Kathy Bennett.  Indeed, in plaintiff's deposition she initially identified Pete Smith as the decision-maker in the firing of Ms. Bennett.  But the topic was discussed more in depth later in the same deposition, and plaintiff made clear that Bissani, too, was involved in the decision.  **Q.**  When he [Bissani] became your boss, how many women were in your unit?  **A.** [By Ms. Capps]  Three, including myself.  **Q.** Okay. What happened to those three women?  **A**. We were all let go within days of each other. **Q**.  By who?  **A.** It was Kaily's decision. . . . **Q.**  The three women who were laid off,

other than you, who were they?  **A.**  Kathy Bennett and Patty -- Patricia.  I can't remember

her last name."  *See*, Plaintiff's Deposition, p. 199, l. 16 through p. 200, l. 8.

Thus, it makes perfect sense that Bissani and Smith made the decision to fire

Bennett together.  The defense has never denied this fact, and there remains the telling

development that within a short time of Bissani's arrival, all the women were gone.

In sum, the two examples that the defendant presents as its basis for striking

plaintiff's declaration are insufficient as a matter of plain logic and common sense.

Indeed, considering the breadth and depth of evidence presented in both plaintiff's

declaration and her deposition, it is a testament to plaintiff's veracity that the defense

could not isolate any other grounds for attack.  Two is all it could find, and they are

deceptively presented by the defense, as discussed above.


## CONCLUSION

It should be noted that plaintiff's day-long deposition and her detailed declaration set

forth thousands of facts in this case.  From among them, the defense could attack only the small

handful mentioned herein.  Plaintiff's veracity -- and the plethora of powerful facts in

opposition to summary judgment -- are thus confirmed by what the defense could not attack.


11

WHEREFORE, plaintiff respectfully opposes defendant's Motion to Strike Declaration

of Rebecca Capps.

RESPECTFULLY SUBMITTED,
OLSEN & BROWN, L.L.C.

By: s/ John R. Olsen
   John R. Olsen
   Attorneys for Plaintiff
   8362 Greenwood Drive
  Niwot, Colorado 80503
  Telephone: (303) 652-1133

Date:  May 5, 2008

13

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 5, 2008, a true and correct copy of the

foregoing was electronically served upon defendant's counsel as follows:


Meghan Martinez, Esq.
Brownstein Hyatt Farber Schreck, P.C.
410 17th St., 22nd Floor
Denver, CO 80202


<u>s/ John R. Olsen</u>