IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION
TO DEFENDANT'S MOTION TO STRIKE DECLARATION OF REBECCA CAPPS**
_____

Defendant, Level 3 Communications, LLC, through its undersigned attorneys, submits the following Response in Opposition to Plaintiff's Motion for Enlargement of Time to File Opposition to Defendant's Motion to Strike Declaration of Rebecca Capps.

**INTRODUCTION**

Defendant filed a Motion to Strike Declaration of Rebecca Capps ("Motion to Strike") on March 21, 2008. Any response was therefore due on April 10, 2008. Plaintiff did not file her response by April 10, 2008, however, nor did she seek an extension of time to respond. That is until 23 days later (on May 2, 2008).

By email dated May 2, 2008, Plaintiff's counsel made Plaintiff's first (and belated) request for an extension, which consisted of the following sentence: "In Capps, do you mind if we file our stuff on Monday (regarding motion to strike affidavit, etc.)?" See **Exhibit A**.

Notably, this email was sent to an attorney at the law offices of Brownstein Hyatt Farber Schreck, LLP who has never entered an appearance in this case, and who has never participated in this case in any manner.  See 1:07-cv-00922-RPM Docket Printout, listing attorneys, attached as **Exhibit B**.  Despite being sent to an attorney not on the case, that attorney immediately forwarded it to the attorneys of record in this matter, who promptly responded to Plaintiff's counsel.  See Exhibit A.

Thus, Plaintiff's first request to opposing counsel for an extension of time was not made until 22 days after Plaintiff's response was due.  Three days after that, and 25 days after the due date, Plaintiff filed a Motion for Enlargement of Time to File Opposition to Defendant's Motion to Strike Declaration of Rebecca Capps ("Motion for Enlargement").  Such Motion should be denied as it does not set forth excusable neglect for Plaintiff's failure to timely respond.  Accordingly, Defendant's Motion to Strike should be deemed confessed.

## ARGUMENT

### I.   PLAINTIFF CANNOT SHOW EXCUSABLE NEGLECT.

Plaintiff failed to request (from the Court or even opposing counsel) additional time to respond to Defendant's Motion to Strike before any response was due.  Plaintiff therefore must demonstrate excusable neglect.  As set forth below, Plaintiff failed to do so.

Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (B) on motion made after the time has expired if the party failed to act because of excusable neglect."  See Fed. R. Civ. P. 6(b); see also, D.C.COLO.LCivR 6.1(F).  "When determining what sorts of neglect will be considered 'excusable,' the Supreme Court ruled that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Garcia v.

2

Berkshire Life Ins. Co. of America, 2008 WL 821805 at *2 (D. Colo. 2008) (Slip Copy) (citing Pioneer Inv. Serv. Co. v. Brunswick Association. Ltd. P'ship, 507 U.S. 380, 395 (1993)); see also, Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005) ("it is well established that **inadvertence**, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)") (emphasis added).

### A.   Inadvertent Stapling Does Not Constitute Excusable Neglect.

Plaintiff's first excuse for not timely filing a response is that Defendant's Motion to Strike was "filed the same day as defendant's reply upon [sic.] motion for summary judgment [and] [w]hen it arrived electronically in the office of the undersigned, it was printed out and inadvertently stapled to the back of defendant's reply upon [sic.] motion for summary judgment." See Motion for Enlargement at ¶ 3.  Whether Defendant's Motion to Strike and its Reply brief were filed on the same day is of no import.  Defendant filed its Motion to Strike at 2:30 PM, see Motion to Strike filing confirmation, attached as **Exhibit C**, and separately filed its Reply brief at 2:36 PM, see Reply filing confirmation, attached as **Exhibit D**.  The Motion to Strike was filed first.  In addition, the separate filings triggered separate notifications to Plaintiff.  See Exhibits C and D.  Plaintiff's excuse of "inadvertent stapling" does not constitute excusable neglect.  Lord v. Erfling, 2007 WL 4557839 at * 2.

Moreover, in Defendant's Reply (supporting summary judgment), Defendant specifically referred to its Motion to Strike: "Accordingly, Defendant is filing, contemporaneously with this Reply, a Motion to Strike the Declaration of Rebecca Capps." See Reply Brief at 2.  Thus, Plaintiff cannot claim she was surprised or unaware of Defendant's Motion to Strike, as an excuse for her failure to seek an extension of time in a timely manner, or in order to justify her belated Motion for Enlargement.

3

### B.     Defendant's Motion to Strike Plaintiff's Affidavit is Not a "New Tactic."

Plaintiff next argues that "[t]he separate motion to strike plaintiff's declaration was [] an unusual motion and a new tactic among defense counsel, and it was inadvertently overlooked in the office of the undersigned." See Motion for Enlargement at ¶ 4.

First, a motion to strike a sham affidavit (such as Capps' affidavit) is more than proper under Fed. R. Civ. P. 7(b), which provides that a request for a court order must be made by motion. In addition, there is ample authority in the Tenth Circuit for the filing of a motion to strike an affidavit. See Frontrange Solutions USA, Inc. v. Newroad Software, Inc., 505 F.Supp.2d 821, 830 fn.6 (D. Colo. 2007) ("To the extent these affidavits contain statements that are inadmissible, I will not consider them for the purposes of determining genuine questions of material fact precluding summary judgment. . . . These issues are also addressed in my order on Defendants' Motion to Strike Sham Affidavits."); Curtis v. State Farm Mut. Auto. Ins. Co., 2008 WL 821935 at *1, (D. Colo. 2008) ("Defendant also filed a Motion to Strike Affidavits Submitted by Plaintiff in Response to Defendant's Motion for Summary Judgment. For the reasons stated below, this motion is granted."); Young v. Feeney, 2008 WL 919529 at *2 (D. Utah 2008) (ruling on two motions to strike affidavits submitted with response to motion to dismiss).

Moreover, Plaintiff's counsel cannot credibly claim that he was unaware of Defendant's Motion to Strike. In the same week as Defendant filed its Motion to Strike in this matter, the office of the undersigned filed a similar motion to strike in an unrelated matter against Plaintiff's counsel (Dalvit v. United Air Lines, Inc., Civil Action No. 07-cv-00725-WDM-CBS). In response to the Dalvit motion to strike, Plaintiff's counsel sought an extension within the original

4

time frame for responding, and timely responded on April 22, 2008.  Thus, any claim by Plaintiff's counsel that he was unaware of this "new defense tactic" and the idea of a "separate motion to strike" is incredible in view of his responsiveness to a similar motion to strike in a timely manner.

### C. Inadvertent Oversight Does Not Constitute Excusable Neglect Either.

Next, Plaintiff claims that "the law firm partner assigned to work on this case resigned to take a job at a new law firm in a different city.  Thus, the undersigned discovered the oversight inadvertently."  See Motion for Enlargement at ¶ 5.  "Inadvertence," however, does not constitute excusable neglect.  Supra, p. 3.  And, such an excuse should not be recognized by this Court.  See Lord, 2007 WL 4557839 at * 2.

Moreover, Plaintiff's excuse that "the law firm partner assigned to the case resigned" is not true.  John R. Olsen, Plaintiff's attorney, and the author of Plaintiff's Motion for Enlargement, is the only attorney to ever enter an appearance in this case, see Exhibit B, and is the only attorney to take and/or defend the 8 depositions in this case.  No other attorney works or has worked with defense counsel on this case.

### D. Plaintiff's Assumption Regarding Enlargements Was Not Justified.

Next, Plaintiff claims that her counsel "sought concurrence of opposing counsel for an enlargement to file the opposition brief [and] [t]o this point, counsel for both parties have readily agreed to enlargements as courtesies to each other.  However, this time Ms. Martinez for the defense simply said no."  See Motion for Enlargement at ¶ 6.

Plaintiff (again) makes a gross mischaracterization of the pertinent events.  First, Plaintiff's counsel did not make his first request for an extension until May 2, 2008 (22 days after a response was due), which consisted of the following sentence: "In Capps, do you mind if we

5

file our stuff on Monday (regarding motion to strike affidavit, etc.)?"  See Exhibit A.  In addition, Plaintiff's counsel's May 2, 2008, email was sent to an attorney who has never entered an appearance in this case, and who has never participated in this case in any manner.  See Exhibit B.  Despite the email being sent to an attorney not on the case, that attorney immediately forwarded it to the attorneys of record in this matter, who promptly (the same day) responded to Plaintiff's counsel's untimely and unclear request that it was untimely.  See Exhibit B.

Moreover, while extensions of time have been extended to and by both parties as a professional courtesy in the past, each previous extension was duly requested prior to the original filing deadline, unlike Plaintiff's request here.

      **E.**      **Unfair Prejudice Is Not the Applicable Standard to Belated Requests for Enlargement.**

Finally, Plaintiff claims that Defendant "cannot claim unfair prejudice from this [Motion for Enlargement], as the summary judgment motion has not been decided and has only recently been fully briefed."  See Motion for Enlargement at ¶ 8.  This argument should be rejected for several reasons.

First, the standard applicable to Plaintiff's Motion for Enlargement is not unfair prejudice.  Since Plaintiff filed her Motion for Enlargement almost a month after any response was due, the standard is excusable neglect.  See Fed. R. Civ. P. 6(b); see also, Sperry v. Werholtz, 2008 WL 941634 at *2 (D. Kan. 2008) (Slip Copy) ("The excusable neglect standard is higher, i.e., harder to meet, than the good cause standard applied when a motion for extension of time is filed before the expiration of the time period at issue.").  Plaintiff has not met this high burden with her excuses of inadvertence and nothing else.

6

In addition, granting a request for extension more than 25 days after the due date of any response <u>is</u> prejudicial to Defendant, as Plaintiff's failure to respond within the time permitted should be deemed a confession to Defendant's Motion to Strike.  <u>Mleczek v. Aspen Skiing Co., LLC</u>, 2008 WL 109395 at *2 (D. Colo. 2008) (Slip Copy) ("[T]his motion should be deemed confessed because Plaintiff failed to respond even while represented by counsel.").

Finally, Defendant's Motion for Summary Judgment was fully briefed on March 21, 2008 – 45 day prior to Plaintiff's present Motion for Enlargement, and thus, no further delay should be permitted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's belated Motion for Enlargement of Time  and grant Defendant's Motion to Strike.

Dated this 20th day of May, 2008.

                        BROWNSTEIN HYATT FARBER SCHRECK, LLP

                        <u>s/Leah P. VanLandschoot</u>
                        Meghan W. Martinez
                        Leah P. VanLandschoot
                        410 17th St., 22nd Floor
                        Denver, CO 80202
                        (303) 223-1100

                        ATTORNEYS FOR DEFENDANT
                        LEVEL 3 COMMUNICATIONS, LLC

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on this 20th day of May, 2008, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DECLARATION OF REBECCA CAPPS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

olsenbrown@comcast.net

BROWNSTEIN HYATT FARBER SCHRECK, LLP

s/ Leah P. VanLandschoot
Meghan W. Martinez
Leah P. VanLandschoot
410 17th Street, Suite 2200
Denver, Colorado 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC

8