IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO SUBSTITUTE CORRECTED DECLARATION**
_____

Defendant, Level 3 Communications, LLC, ("Level 3") through its undersigned attorneys, submits the following Response in Opposition to Plaintiff's Motion to Substitute Corrected Declaration.

**INTRODUCTION**

In Defendant's Motion to Strike Declaration of Rebecca Capps ("Motion to Strike"), filed March 21, 2008, Defendant argued: (1) a declaration made "upon information and belief" is insufficient "evidence" to defeat a motion for summary judgment; (2) Plaintiff's declaration should be stricken as a self-serving, conclusory declaration that does not set forth admissible facts as required by Fed. R. Civ. P. 56(e); and (3) Plaintiff's declaration should be stricken because it contradicts her sworn deposition testimony. On May 5, 2008, Plaintiff filed a Motion to Substitute Corrected Declaration ("Motion to Substitute"). Plaintiff's Motion to Substitute

purports to "remove four words (upon information and belief)" from Plaintiff's declaration, and "nothing more." See Motion to Substitute at pp. 1 and ¶ 2.

Plaintiff's excuse for submitting a procedurally and substantively defective declaration in response to Defendant's Motion for Summary Judgment is that the first statement of her declaration "resulted from an oversight in the office of the undersigned. . . ." See Motion to Substitute at ¶ 4. Plaintiff also claims that she "did not understand the significance of these four 'boilerplate' words which were extraneous." See Motion to Substitute at ¶ 5. Such arguments are evidence of the self-serving and incredible nature of both of Plaintiff's declarations (original and "corrected").

Moreover, Plaintiff's attempt to salvage her declaration does not comply with the Local Rules, should be denied as futile, and, if granted, would prejudice Defendant. Accordingly, Plaintiff's Motion to Substitute should be denied, and Defendant's Motion to Strike should be granted.

## ARGUMENT

### I. PLAINTIFF'S MOTION TO SUBSTITUTE SHOULD BE DENIED FOR FAILURE TO COMPLY WITH THE LOCAL RULES.

#### A. Plaintiff Did Not Comply With D.C.COLO.LCivR. 7.1 (A).

Plaintiff has failed to comply with Local Rule 7.1(A): Duty to Confer, with respect to her Motion to Substitute. D.C.COLO.LCivR. 7.1(A) provides:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

D.C.COLO.LCivR. 7.1(A).  Prior to filing Plaintiff's Motion to Substitute Corrected Declaration, Plaintiff's counsel neither made reasonable nor good-faith efforts to confer with defense counsel.  In fact, Plaintiff's counsel did not even inform defense counsel that Plaintiff sought to substitute her declaration.

While Plaintiff's counsel sent an email dated May 2, 2008, to counsel for the Defendant consisting of the following sentence: "In Capps, do you mind if we file our stuff on Monday (regarding motion to strike affidavit, etc.)?" such an email does not satisfy the requirement of D.C.COLO.LCivR. 7.1(A).  See Exhibit A.  Notably, in the May 2, 2008, email, Plaintiff's counsel failed to identify any particular motion or relief (if any) he planned to file.  In addition, a response to Defendant's Motion to Strike had not been filed.  Thus, the email was ambiguous as to the relevant "stuff" that Plaintiff planned to file.

Plaintiff's counsel failed to comply with D.C.COLO.LCivR. 7.1(A); therefore, Plaintiff's Motion to Substitute should be denied.

### B.      Plaintiff's Motion to Substitute Does Not Comply With D.C.COLO.LCivR. 7.1 (C).

Plaintiff has also failed to comply with Local Rule 7.1(C): Motion, Response, and Reply; Time for Serving and Filing; Length.  D.C.COLO.LCivR. 7.1(C) provides:

> Excluding motions filed under Fed. R. Civ. P. 56 or 65, a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion.

D.C.COLO.LCivR. 7.1(C) (emphasis added).  Here, Plaintiff's Motion to Substitute does not include even one citation to legal authority.  See generally, Motion to Substitute.  Plaintiff simply makes unsupported arguments that she should be permitted to substitute her declaration (even though a Motion to Strike is pending), because her attorney made an "oversight," and because

3

Plaintiff did not carefully review the declaration she signed, even though she signed it "under penalty of perjury." See Declaration of Rebecca Capps (Document 18-2) at p. 10.  Thus, Plaintiff's Motion to Substitute should be denied.

**II.   THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO SUBSTITUTE CORRECTED DECLARATION BASED ON THE FUTILITY DOCTRINE.**

The futility doctrine allows a court to deny a motion for leave if the relief ultimately sought would be denied on substantive grounds in any event.  See Bauchman for Bauchman v. West High School, 132 F.3d 542, 562 (10th Cir. 1997) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason.").  Courts generally apply the doctrine of futility in the context of a motion to amend a complaint, but the doctrine has been held to be relevant in other contexts as well.  See In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 351, 356 (N.D. Ill. 2005) (acknowledging that the futility doctrine was applicable to meet-and-confer requirements of the local rule); see also, Brooklyn Life Insurance Co. v. Dutcher, 95 U.S. 269, 272 (1877) ("The law never requires an idle thing to be done.").

Here, Plaintiff's Motion to Substitute seeks to submit a "corrected" declaration in place of Plaintiff's original declaration.  As admitted by the Plaintiff, her "corrected" declaration removes "four words (upon information and belief)" from Plaintiff's declaration, and "nothing more."  See Motion to Substitute at ¶ 2.

Plaintiff's original declaration, however, is deficient for several reasons, not just because it was supposedly made "upon information and belief."  As set forth in Defendant's Motion to Strike, Plaintiff's original declaration should be stricken for the additional reasons that it fails to set forth facts that would be admissible in evidence, and because it contradicts Plaintiff's sworn

4

deposition testimony. See Motion to Strike at pp. 3-7. And Plaintiff's "corrected" declaration is also deficient on these grounds. Accordingly, Plaintiff seeks to file an almost identical "corrected" declaration (with the exception of four words that her counsel characterizes as "boilerplate"), and Plaintiff's Motion to Substitute should be denied as futile.

  **A.**  **Plaintiff's Substituted Declaration is Deficient On the Same Grounds As Her Original Declaration, Even with Her Purported Correction.**

Since Plaintiff only seeks to "remove four words" from her declaration and "nothing more," Plaintiff's declaration remains deficient on other grounds. See Motion to Substitute at ¶ 2.

  **1.**  **Plaintiff's "Corrected" Declaration Must Be Stricken Because It Does Not Set Forth Facts That Would Be Admissible Evidence.**

An affidavit submitted in opposition to a motion for summary judgment must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient. See Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (emphasis added); Volker v. T-Mobile USA, Inc., 2007 WL 951793 at *3 (D. Colo. 2007) ("Rule 56(e) requires that supporting and opposing affidavits shall be made on personal knowledge and that the facts set forth be admissible in evidence."). Where an affidavit contains merely generalized, unsubstantiated claims not based on personal knowledge, such affidavit does not create genuine issues of material fact as to those claims. Thomas v. Int'l Bus. Machs., 48 F.3d 478, 485 (10th Cir. 1995). "Inadmissible hearsay may not be included in an affidavit to defeat summary judgment because a third party's description of a witness's supposed testimony is not suitable grist for the summary judgment mill." Id. at 485. Likewise, affidavits which contain conclusions of law or ultimate facts, or contain arguments and inferences, should be struck. Starkey, 2007 WL 4522702 at *8.

5

In <u>Alvariza v. Home Depot</u>, 2007 WL 794187 (D. Colo. 2007) (Slip Copy), attached as Exhibit B, the court struck the plaintiff's self-serving affidavit for reasons readily apparent in Plaintiff's "corrected" declaration here. The court found, specifically, that:

> The statements in Plaintiff's Response that Plaintiff attempts to incorporate as her sworn testimony can be divided into a number of categories, many of them overlapping: (1) hearsay statements . . . (2) irrelevant statements . . . (3) self-serving, conclusory allegations . . . (4) statements that could not plausibly be premised upon personal knowledge . . . (5) statements that baldly contradict Plaintiff's sworn deposition testimony . . . (6) statements that are too vague, incoherent, or incomplete to be useful . . . and (7) statements that might actually be admissible.

<u>Alvariza</u>, 2007 WL 794187 at*4. As to the last category, the court continued, "[w]hile the court recognizes that a handful of the statements Plaintiff attempts to incorporate into her affidavit might well have been admissible had they been presented in a more regular manner, <u>it is not this court's duty to cull through Plaintiff's submissions to separate the wheat from the chaff</u>." <u>Id.</u> at *5 (emphasis added). As set forth in Defendant's Motion to Strike, the statements in Plaintiff's declaration can be separated into these same categories, <u>see</u> Motion to Strike at pp. 3-6, and should therefore be stricken.

### 2. Plaintiff's "Corrected" Declaration Must Be Stricken Because It Contradicts Plaintiff's Sworn Deposition Testimony.

When an affidavit contradicts sworn deposition testimony, it is incredible. <u>Bohn v. Park City Group, Inc.</u>, 94 F.3d 1457, 1463 (10th Cir. 1996) ("Defendants correctly point out, however, that plaintiff's affidavit contradicts his deposition testimony . . . and thus the affidavit should not be considered."); <u>see also</u>, <u>United States v. Bao</u>, 189 F.3d 860, 866 (9th Cir. 1999) ("A prior inconsistent statement is admissible to raise the suggestion that if a witness makes inconsistent statements, then his entire testimony may not be credible; such an inference does not depend on whether either the prior statement or the subsequent in-court statement is true.").

6

As set forth in Defendant's Motion to Strike, Plaintiff's declaration contradicts her sworn deposition testimony.  <u>See</u> Motion to Strike at pp. 6-7.  Plaintiff's "corrected" declaration does nothing to remedy these contradictory statements.  Accordingly, Plaintiff's "corrected" declaration, if permitted, should be stricken as incredible.

> **B.     Plaintiff's Corrected Declaration is Even More Deficient Than Her Original Declaration and Thus, Would be Stricken In Any Event.**

Plaintiff invites this Court to believe that her Motion to Substitute seeks a ministerial change of just "four words," namely, "upon information and belief."  <u>See</u> Motion to Substitute at ¶ 2-4.  Yet, making the four-word change that Plaintiff seeks will dramatically alter Plaintiff's declaration by recasting the bases on which Plaintiff made her declaration.  Such a change would hardly be innocuous.

Indeed, the "information and belief" upon which Plaintiff executed her original declaration will not defeat a motion for summary judgment.  Fed. R. Civ. P. 56(e)(1) mandates that a "supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e).

Nor is the requirement that a declaration offered in opposition to summary judgment be made upon personal knowledge an arcane point of law.  Courts in the Tenth Circuit require that witnesses make affidavits and declarations "on personal knowledge."  <u>Tavery v. U.S.</u>, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994) (explaining that under Fed.R.Civ.P. 56(e), only statements "made on personal knowledge" can support a motion for summary judgment; "statements of mere belief must be disregarded");  <u>see also</u>, <u>Jameson v. Jameson</u>, 176 F.2d 58, 60 (D.C. Cir. 1949) ("Belief, no matter how sincere, is not equivalent to knowledge.").  The words by which a

7

witness executes an affidavit or declaration are neither "boilerplate" nor "extraneous" as Plaintiff argues.  See Motion to Substitute at ¶ 5.  Indeed, **Plaintiff acknowledges that her Motion to Substitute "seeks to emphasize substance over form."**  See Motion to Substitute at ¶ 6.

Furthermore, Plaintiff's contention that 28 U.S.C. § 1746[1] ("Section 1746") does not require "language" setting forth a declarant's personal knowledge is immaterial.  Section 1746 simply "authorizes the use in federal proceedings of unsworn declarations given under penalty of perjury in lieu of affidavits."  Thomas v. United States Dept. of Energy, 719 F.2d 342, 344 n.3 (10th Cir. 1983).  Section 1746 does not in any way impact the basis on which a person must execute a declaration or affidavit in opposition to a motion for summary judgment.  The Tenth Circuit has made clear that: "Information and belief have no place in an affidavit supporting a motion for summary judgment or a response thereto."  Told v. Tig Premier Ins. Co., 149 Fed.Appx. 722, 725 (10th Cir. 2005).

Accordingly, Plaintiff's Motion to Substitute should be denied, as Plaintiff cannot provide any grounds upon which her requested relief should be permitted.  To the contrary, Plaintiff's request to "correct" her declaration (which would change the entire affidavit so that it would suddenly be based on personal knowledge) underscores that Defendant's Motion to Strike is warranted.  Plaintiff's "corrected" declaration is nothing more than a sham affidavit (without regard to truth or substance), in an attempt by Plaintiff to avoid Summary Judgment.

Since Plaintiff's declaration as "corrected," is still deficient for purposes of Fed. R. Civ. P. 56(e), granting Plaintiff's Motion to Substitute would be an exercise in futility.  Plaintiff's "corrected" declaration is no more admissible than her original declaration.

---

[1] Plaintiff cited to 28 U.S.C. § 1743 in her Motion.  That statute relates to demands made upon the United States Postmaster and is not relevant to this case.  Defendant therefore assumes that Plaintiff intended to cite to 28 U.S.C. § 1746, as Plaintiff styled her declarations in reference to that statute.

### III.   DEFENDANT WILL BE UNFAIRLY PREJUDICED IF THIS COURT GRANTS PLAINTIFF'S MOTION TO SUBSTITUTE.

Defendant will be unfairly prejudiced by Plaintiff's Motion to Substitute, if granted. Plaintiff's "corrected" declaration seeks to change a 10 page declaration entirely made "upon information and belief" into a 10 page declaration that only now purports to be made on personal knowledge. Discovery, however, closed on December 31, 2007. Thus, Defendant cannot now discover what, if anything, Plaintiff has learned between filing her original declaration on February 22, 2008 and filing her Motion to Substitute on May 5, 2008.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Substitute Corrected Declaration.

Dated this 20th day of May, 2008.

BROWNSTEIN HYATT FARBER SCHRECK, LLP


s/Leah P. VanLandschoot
Meghan W. Martinez
Leah P. VanLandschoot
410 17th St., 22nd Floor
Denver, CO 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on this 20th day of May, 2008, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SUBSTITUTE CORRECTED DECLARATION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

olsenbrown@comcast.net

BROWNSTEIN HYATT FARBER SCHRECK, LLP

s/ Leah P. VanLandschoot
Meghan W. Martinez
Leah P. VanLandschoot
410 17th Street, Suite 2200
Denver, Colorado 80202
(303) 223-1100

ATTORNEYS FOR DEFENDANT
LEVEL 3 COMMUNICATIONS, LLC