IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00922-RPM-CBS

REBECCA A. CAPPS,

    Plaintiff,

v.

LEVEL 3 COMMUNICATIONS, LLC,

    Defendant.

## FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

The above-captioned matter came on for a Final Pretrial Conference on October 2, 2009, at 2:00 p.m. The following individuals attended the Final Pretrial Conference: Counsel for Plaintiff, Rebecca A. Capps, John R. Olsen, Esq., Olsen & Brown, LLC, 8362 Greenwood Drive, Niwot, Colorado, 80503; Telephone: (303) 652-1133; and Counsel for Defendant, Level 3 Communications, LLC ("Level 3"), Meghan W. Martinez and Leah P. VanLandschoot, Brownstein Hyatt Farber Schreck, LLP, 410 17th Street, Suite 2200, Denver, Colorado, 80202; Telephone: (303) 223-1100.

### 2. JURISDICTION

The Court's jurisdiction in this case is pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

### 3. CLAIMS AND DEFENSES

Plaintiff:

Plaintiff is a female with birth date of July 16, 1969. She was first employed by the Defendant corporation in August 1999 and held the position of OSP Manager. She performed her job well at all times. On April 27, 2006, Plaintiff was informed that she was terminated effective May 5, 2006.

Plaintiff would not have been terminated had she not been a female. Plaintiff believes she was replaced at the Defendant by a male. Had Plaintiff been male, she would not have been terminated. This came against the background of an ongoing pattern of discrimination against women.

The above-cited discriminatory actions against Plaintiff were intentional. They were also taken with malice and reckless indifference to Plaintiff's federally protected rights, warranting an award of exemplary or punitive damages. Because of the above-cited actions, the Plaintiff has suffered or will suffer: loss of her job and livelihood, with all attendant benefits and other amenities of her employment, including pay, compensation, benefits and salary, as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

By these acts of discrimination, the Defendant breached Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff is seeking: (a) a declaratory judgment declaring that the Defendant corporation has violated the above-described statute by the aforesaid acts against Plaintiff; (b) reinstatement of her job, with all attendant benefits and other amenities that she would have received were these illegal actions not taken against her; (c) all compensation,

back pay, equal pay, front pay and benefits that Plaintiff was denied because of the Defendant's acts, in a sum to be determined by the court and jury; (d) liquidated and compensatory damages, including for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in a sum to be determined by the court and jury; (e) exemplary or punitive damages in a sum to be determined by the court and jury; (f) legal fees, disbursements, expert fees, and costs of this action; (g) all legal interest on sums awarded; and (h) all issues so triable to be decided by a jury.

Defendant:

The only claim for trial is Plaintiff's (First) claim alleging sex discrimination under Title VII. Specifically, Plaintiff alleges that Level 3 discriminated against her when it failed to hire her for the position of Field Manager (any other claims or others' claims, alleged discriminatory acts, or events, were not exhausted through the administrative process and would now be time-barred). Plaintiff conceded her Second Claim for Relief (alleging discrimination under the Americans With Disabilities Act) in her Response to Defendant's Motion for Summary Judgment, and that claim was ordered dismissed on April 10, 2009, during a hearing on pending motions. Plaintiff's Third Claim for Relief (alleging disparate impact under Title VII) was withdrawn by Plaintiff's counsel and then ordered dismissed by the Court during that same hearing on pending motions. Therefore, Defendant's Statement of Defenses does not address Plaintiff's Second and Third Claims for Relief or any other act or event which may be time-barred.

In December 2005, Level 3 acquired Wiltel Corporation. In connection with the acquisition, Level 3 instituted monthly reductions in force ("RIFs") to minimize expenses, eliminate redundant

positions, and increase efficiency. In connection with its RIFs, Level 3 analyzed and attempted to combine redundant positions across several of its divisions in North America, including the Wyoming location where Plaintiff worked. In the RIFs resulting from the Wiltel acquisition, Level 3 eliminated hundreds of positions. In the May 2006 RIF alone, 85 employees were terminated in the Field Services Division of Level 3, including Plaintiff, and 131 employees were terminated Company-wide.

Around the end of the first quarter 2006, Level 3 decided to combine two Outside Plant ("OSP") Manager positions and one Wiltel position into a new "Field Manager" position. One of the Level 3 positions eliminated was Plaintiff's job. Level 3 posted the Field Manager position on its website and allowed and accepted both internal and external candidates. Yet, Plaintiff failed to apply for this new position. Furthermore, Plaintiff did not possess the requisite qualifications. Plaintiff also lived in Wyoming, hours away from the Denver metro area that had to be handled by the Field Manager. And Plaintiff was disrespectful towards Mr. Bissani, refusing his simple requests, such as his request to increase her presence at the Gateway facility. Plaintiff was terminated in the May 2006 RIF because she was not hired into an existing position (*i.e.*, the surviving Field Manager position) and her OSP Manager job was eliminated.

Level 3 did not discriminate against Plaintiff on the basis of her sex, or any other protected class. Level 3 asserts the following defenses to Plaintiff's claims: (1) Level 3 had legitimate, non-discriminatory business reasons for its employment decisions affecting Plaintiff; (2) Plaintiff failed to mitigate her damages, if any; (3) Plaintiff's claim for "exemplary or punitive damages" is barred because Level 3 has not engaged in any practice with actual malice or with wanton or willful disregard for Plaintiff's rights; and (4) to the extent any of Plaintiff's

claims were not specifically and timely raised before the EEOC or the CCRD (including Plaintiff's apparent claim that there was a "background of an ongoing pattern of discrimination"), this Court lacks jurisdiction over such claims. Finally, Level 3 objects to the following claims for damages made in Plaintiff's statement of claims: (1) front pay and reinstatement (these are alternative remedies, but are sought as cumulative remedies); (2) "equal pay" (Plaintiff has no claim under the Equal Pay Act, and "equal pay" is not an available remedy under Plaintiff's Title VII disparate treatment claim); (3) "liquidated damages" (not available under Title VII); and (4) "expert fees and costs" (Plaintiff has never endorsed an expert witness).

## 4. STIPULATIONS

1. Plaintiff is a female, citizen of the United States, and resident of the State of Wyoming.

2. Level 3 is an "employer" under Title VII.

3. Plaintiff was employed with Level 3 from August 30, 1999 until May 5, 2006.

4. Plaintiff, her counsel, and witnesses, will not reference or seek to introduce evidence during trial or in argument regarding or from Abuan v. Level 3 Communications, Inc.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

a.  Nonexpert witnesses to be called by each party:

   (1)  witnesses who will be present at trial:

   Plaintiff:

   1.  Plaintiff Rebecca Capps
       c/o Olsen & Brown LLC

5

       8362 Greenwood Drive
       Niwot, CO 80503.

       Will testify as to all facts embodied within the Complaint and Answer, and all facts discussed in her deposition, and related issues.

2.    Justin Aimone
       address unknown

       May testify via deposition transcript if he cannot be subpoenaed. Will testify by way of transcript regarding his observations of Plaintiff and of the Company; Company makeup; Plaintiff's duties, responsibilities and performance, openings and those who filled them; work performed and in what geographic areas; communications with Plaintiff and others; and related topics.

3.    Kaily Bissani
       address unknown

       May testify via deposition transcript if he cannot be subpoenaed. May testify as to Plaintiff's performance, performance of others, structure of the Company, events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command, and related topics.

4.    Diron Benschop
       address unknown

       May testify via deposition transcript if he cannot be subpoenaed. May testify as to Plaintiff's performance; performance of others; structure of the Company; events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command, and related topics.

5.    Bob Cooper

       May testify via deposition transcript if he cannot be subpoenaed. May testify as to Plaintiff's performance; performance of others; structure of the Company; events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command, and related topics.

6.    Richard Wilbur
       10796 Bryant Court

Denver, CO
(303-404-2819).

Will testify as to Plaintiff's performance; the performance of others; hirings and terminations; discrimination against Plaintiff and other women; various personalities involved in pertinent events, and related topics.

Defendant:

1. Peter Smith [in person]
   12484 West Hoover Avenue
   Littleton, CO 80127
   Telephone: 720-934-5887

   Mr. Smith may testify regarding the terms, conditions, and termination of Plaintiff's employment at Level 3, Plaintiff's job performance, Plaintiff's alleged injuries and damages, Plaintiff's failure to mitigate her alleged damages, and all other matters set forth in the pleadings.

2. witnesses who <u>may</u> be present at trial if the need arises:

Plaintiff:

1. Peter Smith
   address unknown

   May testify via deposition transcript if he cannot be subpoenaed. May testify as to Plaintiff's performance; performance of others; structure of the Company; events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command; and related topics.

2. Kathy Bennett
   address unknown

   May testify as to her own mistreatment; Plaintiff's performance; performance of others; structure of the Company; events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command; and related topics.

3. Patti Weber
   address unknown

   May testify as to her own mistreatment; Plaintiff's performance;

performance of others; structure of the Company; events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command; and related topics.

4. Steven Forry

   May testify via deposition transcript if he cannot be subpoenaed. May testify as to Plaintiff's performance; performance of others; structure of the Company; events leading up to Plaintiff's termination; corporate culture; makeup of work force; work duties of employees in Plaintiff's chain of command; and related topics.

5. Becky Shepard
   address unknown

   May testify as to actions by Level 3 lawyers in trying to get her to sign a false affidavit; Plaintiff's living and rental arrangement, and related topics.

6. Any witness listed by the defense.

   Defendant:

1. Kaily Bissani [in person or by deposition]
   2841 W. 110th Court
   Denver, CO 80234
   Telephone: 720-479-7673

   Mr. Bissani may testify regarding the terms, conditions, and termination of Plaintiff's employment at Level 3, Plaintiff's position elimination, creation of the Field Manager position, Plaintiff's job performance, Plaintiff's alleged injuries and damages, Plaintiff's failure to mitigate her alleged damages, and all other matters set forth in the pleadings.

2. Diron Benschop [in person]
   4743 W. 117th Way
   Westminster, CO 80031
   Telephone: 303-246-6943

   Mr. Benschop may testify regarding the terms, conditions, and termination of Plaintiff's employment at Level 3, his own employment at Level 3 as Metro OSP Manager, and then as Technician, his position elimination, his demotion, his application for the Field Manager position, and other matters set forth in the pleadings.

3.     Rebecca A. Capps, Plaintiff [in person]
433 Richeau Road
Wheatland, WY 82201
Telephone: current telephone number unknown to Defendant

Ms. Capps may have information and knowledge regarding the terms, conditions, and termination of her employment at Level 3, her job performance, her alleged injuries and damages, her failure to mitigate her alleged damages, and all other matters set forth in the pleadings.

4.     Bob Cooper [by deposition]
460 Cottonwood Street,
Medicine Bow, WY 82329
Telephone: 303-478-3244

Mr. Cooper may testify regarding Plaintiff's supervision, her qualifications and performance as a manager and other matters set forth in the pleadings.

5.     Tim Elbert [in person]
15406 Foreacre Cr.
Sapulpa, OK 74066
Telephone: 918-547-6589

Mr. Elbert may testify regarding Level 3's merger with Wiltel and resulting reductions in headcount, including elimination of Plaintiff's job and other matters set forth in the pleadings.

6.     Steve Forry [in person]
3670 West 500 South
Salt Lake City, UT 84104
Telephone: 801-978-0564

Mr. Forry may testify regarding the terms, conditions, and termination of Plaintiff's employment at Level 3, his own employment and lay-off(s) at Level 3, Diron Benschop's job performance, and other matters set forth in the pleadings.

7.     Jay Psomas [in person]
P.O. Box 15044
Colorado Springs, CO 80935
Telephone: 719-391-2109

Mr. Psomas may testify regarding Plaintiff's supervision, her qualifications and performance as a manager and other matters set forth in

the pleadings.

8.  Justin Aimone [by deposition]
    255 Homestead Road, Box 43
    Fort Bridger, WY  82933
    Telephone: 307-782-7559

    Mr. Aimone may testify regarding Plaintiff's supervision, her qualifications and performance as a manager and other matters set forth in the pleadings.

9.  Andrew Bahnken [by deposition]
    1425 N. Refugio Rd
    Santa Ynez, CA  93460
    Telephone: 805-688-4888

    Mr. Bahnken may testify regarding Plaintiff's supervision, her qualifications and performance as a manager and other matters set forth in the pleadings.

10. Any witness necessary for rebuttal or impeachment.

11. Any witness listed as a will or may call by Plaintiff.

12. Any witness necessary to lay the foundation for or authenticate an exhibit.

b.  <u>Expert</u> witnesses to be called by each party:

    (1)  witnesses who <u>will</u> be present at trial

    <u>Plaintiff</u>:

    None.

    <u>Defendant</u>:

    None.

    (2)  witnesses who <u>may</u> be present at trial if the need arises.

    <u>Plaintiff</u>:

    None.

Defendant:

None.

## 7. EXHIBITS

a. The Parties submit the following Exhibit Lists:

(1) Plaintiff:

  a. Plaintiff's resume.
  b. Plaintiff's Reward Summary.
  c. Denver Roster.
  d. Managerial Effectiveness Report.
  e. E-mails between Plaintiff and Bissani.
  f. Job Description: Field Manager.
  g. Defendant's Responses to Plaintiff's Discovery Requests.
  h. Plaintiff's email, April 26, 2006.
  i. Bissani e-mails to and from Daub.
  j. E-mails between Daub and Lona Paganis.
  k. E-mails among Bissani, Daub and Tim Elbert.
  l. E-mail from Daub to Renate Dykman.
  m. Level 3's letter of October 11, 2006 to EEOC.
  n. May 6, 2006 letter to Benschop.
  o. Plaintiff's Total Reward Statement and Performance Summary.
  p. Deposition transcripts as may be needed.
  q. Demonstrative exhibits.
  r. Any exhibits needed for rebuttal.
  s. Any exhibit listed by the Defendant and not objected to by the Plaintiff.

(2) Defendant: Please see attached Exhibit List.

(3) Other parties: Not applicable.

b. Copies of the listed exhibits must be provided to opposing counsel no later than five days after the Final Pretrial Conference. The objections contemplated by Fed.R.Civ.P. 26(a)(3) shall be filed with the clerk and served (by hand delivery or facsimile) no later than eleven days after the exhibits are provided.

11

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

At the hearing on pending motions on April 10, 2009, Plaintiff's counsel stated that Plaintiff's disability and disparate impact claims are withdrawn and the only claim remaining for trial is Plaintiff's Title VII gender discrimination. The Court accordingly dismissed Plaintiff's Second and Third Claims for Relief with prejudice.

Defendant objects to any testimony regarding the following (descriptions by Plaintiff of proposed testimony): "makeup of workforce," "company makeup," "corporate culture," "hirings and terminations," "discrimination against Plaintiff and other women;" Defendant objects to the extent that these broad "topics" are an attempt to reintroduce the dismissed disparate impact allegations. Defendant submits that a "pattern" claim, as Plaintiff is now attempting to insert despite dismissing her disparate impact claim, is improper. *See* Semsroth v. City of Wichita, 304 Fed. Appx. 707, 715 (10th Cir. 2008) (The pattern and practice method of proof is available only to the government and in class actions). And Defendant specifically objects, on the above-stated grounds, to the proposed testimony of Kathy Bennett and Patti Weber, which allegedly will include testimony about their "own mistreatment."

Defendant also objects to Plaintiff calling witnesses Ian Yuland and Gregory Daub. Neither witness was disclosed by Plaintiff.

## 10. SETTLEMENT

a.      Counsel for the parties corresponded via email in April 2009, and commenced additional discussions and emails from August 20, 2009 through early September, 2009, to

discuss in good faith the settlement of the case.

    b.    The participants in these communications were John R. Olsen and Meghan W. Martinez.

    c.    The parties were promptly informed of all offers of settlement.

    d.    Counsel for the parties do not intend to hold future settlement conferences.

    e.    It appears at this time that there is little possibility of settlement.

    f.    No settlement conference is currently scheduled.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 of the Federal Rules of Civil Procedure (Offer of Judgment) and have discussed it with their respective clients.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the Court or by order of the Court to ***prevent manifest injustice***. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

    a.    Trial is to a jury.

    b.    Trial is set to commence on October 19, 2009.

    c.    Estimated length is 5 days.

    d.    Parties request that the trial be held in Denver, Colorado.

DATED this 2nd day of October 2009.

BY THE COURT:

The Honorable Richard P. Matsch

FINAL PRETRIAL ORDER TENDERED FOR REVIEW:

| OLSEN AND BROWN, LLC | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
|---|---|
| s/ John R. Olsen<br>John R. Olsen<br>8362 Greenwood Drive<br>Niwot, CO 70503<br>Telephone: 303/652-1133<br>FAX: 303/652-1144<br>Attorney for the Plaintiff | s/ Meghan W. Martinez<br>Meghan W. Martinez<br>Leah P. VanLandschoot<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>Telephone: 303/223-1100<br>FAX: 303/223-0933<br>Attorneys for the Defendant |

8418\27\1317074.3